THE STATE *v.* MOSES.

Where one statute creates an offence, and another directs the penalty, the indictment must conclude against the form of the statutes.

ERROR to the *Noble* Circuit Court.

SULLIVAN, J.—This was an indictment against the defendant for that, on, &c., at, &c., being a justice of the peace, he did then and there assess a fine of one dollar against one *Reuben Varner* for an assault and battery, &c., and which fine so assessed he the defendant wholly failed and neglected to report to the board of county commissioners, &c., contrary to the form of the statute, &c. The Court, on the motion of the defendant, quashed the indictment.

This indictment is founded on two statutes. The 5th section of the act relating to county seminaries, R. S. 1838, p. 559, requires justices of the peace to make reports in writing to the boards doing county business in their respective coun-

ties, at stated periods, of the names of all persons against whom they have assessed fines, together with the amount, &c. The 51st section of the act relative to crime and punishment, affixes the penalty for a violation of the duty imposed by the first-mentioned statute. The indictment is defective, because it does not conclude against the form of the *statutes.* It is settled law, that when an offence is created by one statute, and a penalty for its violation is affixed by another, an indictment for a commission of the offence prohibited, must conclude against the form of the *statutes.* 2 Hale's P. C. 173.—*Dingley* v. *Moor,* Cro. Eliz. 750.—*Broughton* v. *Moore,* Cro. Jac. 142. The Court, therefore, did right in quashing the indictment.

*Per Curiam.*—The judgment is affirmed.

*W. H. Coombs,* for the state.

*L. P. Ferry,* for the defendant.