## THE STATE *v.* HUNTER.

An indictment against a county assessor for not calling on a person, resident in the county, for a list of his taxable property, need not allege that such person had such property.

But an indictment against such assessor for not listing the taxable property of a person resident in the county, though it be in the language of the statute, should allege that such person had taxable property; and an averment that he was subject to taxation is not sufficient.

An indictment founded on two statutes must conclude against the form of the statutes.

ERROR to the *Bartholomew* Circuit Court.

PERKINS, J.—Indictment against a county assessor for neglect of official duty. The indictment contains two counts. The first charges, that *Benjamin Parker* was a resident of *Bartholomew* county during all the time between the first day of *January* and the twenty-fifth day of *May* eighteen hundred and forty-three, and subject to taxation; and that the defendant being assessor, &c., in utter neglect of his duty, failed within all the time aforesaid to call on said *Parker* for a list of his taxable property, in obedience to the requirements of the laws of eighteen hundred and forty-one and eighteen hundred and forty-two, then in force. The second count charges that the defendant failed to list from said *Parker* his taxable property, &c.

The alleged defect in this indictment, and for which it was quashed, is that it does not aver in either count that *Parker* had taxable property.

The 4th and 5th sections of the act of 1841, as amended in 1842, pointing out the mode of levying taxes, impose certain

duties upon county assessors. One of those duties is to call, within the times named in this indictment, upon every resident of their respective counties, for a list of such property belonging to him as is specified in the act. This requisition of the law is imperative. · It is immaterial, so far as relates to the performance of this duty, whether the individual has property or not. The mode of ascertaining that fact is by a personal call upon him; and we think a faithful and equal execution of the law demands that this duty should in no case be dispensed with. The first count in this indictment avers, that there was a failure to perform this duty, in the particular case specified therein, by this defendant, and brings him within the 8th section of the act of 1841 providing for the election of county assessors, which enacts, that if any assessor shall be guilty of "any neglect of duty" he shall "be subject to indictment," &c. This count is, therefore, not objectionable for the cause assigned.

Another duty of the assessors is to list from each person the property, subject to taxation, he may possess; and where no such property exists, it is very evident it cannot be the duty of the assessor to make a list. He, therefore, cannot "be guilty of any neglect of duty" in failing to list property from a person who has none. It follows, that to show a neglect of this duty, the indictment must aver that the individual, in reference to whom the neglect is alleged to have taken place, had taxable property. The second count in this indictment, charging a neglect of this second duty, does not aver the existence of taxable property, and is bad.

It is argued that the averment that *Parker* was subject to taxation includes the averment that he had taxable property. We think otherwise. The averring that *Parker* was subject to taxation is certainly not saying that he had property which was so. His liability to a poll tax would satisfy that averment.

Again, it is said the indictment is in the language of the statute creating the offence. There are cases where statutes prohibit the doing of certain acts, in which indictments, in the language of those statutes, charging the commission of those acts, are held good. The indictment in this case is in the language of the statute prescribing the duty; and that

Nov. Term,
1846.

language may perhaps be precise and certain enough in an indictment charging the breach of the duty; but it should also be shown that the state of facts existed requiring the performance of that duty. As we have remarked, it is no neglect of duty to fail to list property from a man who has none. The circumstances in such case do not exist, rendering the action of the assessor necessary.

The Court did right, however, in quashing the indictment. According to the case of *The State* v. *Moses*, 7 Blackf. 244, the indictment, being founded upon two statutes, should have concluded " contrary to the form of the *statutes*."

This being the case, we shall not examine the further question, as to whether the count in the indictment for failing to list taxable property should not, to have given it sufficient certainty, have specified the particular items of property not listed.

*Per Curiam.*—The judgment is affirmed.

*A. A. Hammond*, for the state.

*H. H. Barbour* and *J. Morrison*, for the defendant.

