May Term,
1850.

CHEEZEM
v.
THE STATE.

CHEEZEM *v.* THE STATE.

The 4th section of the act of 1849, relative to the retailing of spirituous liquors, contains no prohibition whatever and is a nullity.

The 93d section of the act of 1843, relative to that offence, was in force in *April*, 1850.

ERROR to the *Parke* Circuit Court.

BLACKFORD, J.—This was an indictment found at the *October* term, 1849, of the *Parke* Circuit Court.

Monday,
June 24.

The indictment charges that the defendant, on the 2d of *June*, 1849, in *Parke* county, sold to one *Samuel Case*, spirituous liquor by a less quantity than a quart at a time, to-wit, one-half pint of spirituous liquor, for the sum of five cents, he, the defendant, not being, then and there, licensed according to the laws of the state of *Indiana*, to barter and sell spirituous liquor by retail, by a less quantity than a quart at a time, contrary to the form of the statute.

The cause was tried at the *April* term, 1850, on the plea of not guilty, and the defendant sentenced to pay a fine of 5 dollars.

The defendant contends that the indictment was found under the fourth section of the act of 1849, relative to the retailing of spirituous liquors; that that section was repealed previously to the trial by an act of 1850; and that the judgment is therefore erroneous.

The language of said fourth section is as follows: "Should any person or persons not having a lawful license or permit so to sell by retail any spirituous liquor, contrary to the true intent and meaning of this act, such person or persons shall be subject to indictment in

May Term, 1850.

CHEEZEM
v.
THE STATE.

the Circuit Court of the proper county, and, on conviction, may be fined in any sum not less than two nor more than twenty dollars." Acts of 1849, p. 83.

That section contains no prohibition of any kind whatever, and is a nullity.

The 93d section of chapter 50 of the Revised Statutes of 1843, is as follows: "Every person, not being licensed, according to the laws in force at the time, to vend spirituous liquors by retail, who shall barter or sell any spirituous liquor to be drunk in his or her house, &c., or who shall barter or sell any such spirituous liquor, by a less quantity than a quart at a time, shall be fined in any sum not less than two dollars nor more than twenty dollars." R. S. 1843, p. 979.

That section of the act of 1843 has not been expressly repealed, nor has there been any statutory provision repugnant to it.

The act of 1850, referred to by the defendant, contains a section which, as to the offence in question, is the same with said section of the act of 1843. Acts of 1850, p. 119.

Under these circumstances, we are of opinion said 93d section of the act of 1843 was in force when the alleged offence is charged to have been committed, when the indictment was found, and at the time of the trial and judgment.

The offence charged is clearly within that 93d section; and the defendant's objection to the judgment is not tenable. (1)

*Per Curiam.*—The judgment is affirmed with costs, &c.

*S. F. Maxwell*, for the plaintiff.

*D. Wallace*, for the state.

(1) The act of *January* 16, 1849, giving exclusive jurisdiction to justices in certain cases in certain counties, excepts the offence described in section 93, referred to in the above decision.