May Term,
1851.
_____
KING
v.
THE STATE.

</div>

---

### KING *v.* THE STATE.

Where one statute defines an offence, and another prescribes the punishment, the indictment must conclude in the plural *contra formam statutorum*.

Where one statute continues a former one in part, or explains what was doubtful, or regulates its operation, the conclusion of the indictment should be in the singular.

The statutes found in R. S. 1843, p. 235; Acts of 1847, p. 46; and Acts of 1849, p. 83; only regulate the operation of the 93d section of the 53d chapter of R. S. 1843 relative to the sale, &c., of spirituous liquors.

The 4th section of the act of 1849, relative to the retailing of spirituous liquors, is a nullity.

APPEAL from the *Jefferson* Circuit Court.

BLACKFORD, J.—This was an indictment for retailing spirituous liquors without license. The indictment is to the following effect:

<div style="text-align:right">

Wednesday,
*May* 28.

</div>

That the defendant, on the eighteenth of *August*, eighteen hundred and forty-nine, at the county of *Jefferson* aforesaid, not being then and there licensed, according to the laws in force, to vend spirituous liquors by retail, did then and there sell spirituous liquors to one *Joseph Willoughby* to be drunk in the out-house of him the said *John King* then and there situate, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of *Indiana*.

Plea, not guilty. The cause was submitted to the Court, and judgment rendered for the state.

The only error assigned is, that the indictment concludes against the form of the statute, in the singular, instead of against the form of the statutes, in the plural.

The state contends that the indictment is founded on one statutory provision only, namely, the 93d section of the 53d chapter of the Revised Statutes of 1843. That section reads as follows: "Every person not being licensed according to the laws in force at the time to vend spirituous liquors by retail, who shall barter or sell any spirituous liquor to be drunk in his or her house, out-house, yard, or garden, or appurtenances thereto belonging, or who shall barter or sell any such spirituous liquor by a less quantity than a quart at a time, shall be fined in any sum not less than two dollars nor more than twenty dollars." R. S. 1843, p. 979.

The defendant refers us to three other statutes which, he contends, must be relied on by the state, as well as said section of the statute of 1843, to support this indictment. These other statutes are a statute of 1843 (R. S. 1843, p. 235); a statute of 1847 (Acts of 1847, p. 46); and a statute of 1849 (Acts of 1849, p. 83). Each of these three statutes referred to by the defendant, relates exclusively to the manner of obtaining licenses to vend spirituous liquors, except section 4 of the act of 1849, which section will be no further noticed; this Court having decided it to be a nullity. *Cheezem* v. *The State, May* term, 1850 (1).

We have heretofore held that when one statute defines an offence, and another prescribes the punishment, the indictment must conclude in the plural, *contra formam statutorum*. *The State* v. *Moses,* 7 Blackf. 244. That decision is no doubt correct, for the obvious reason that neither statute would, of itself, support the prosecution. But the case before us is entirely different. The said 93d section of the statute of 1843, above copied, not only defines the offence, but also prescribes the punishment. The said other statutes, relating solely to the obtaining of licenses to retail spirituous liquors, may be considered as only regulating the operation of the said 93d section of the

statute of 1843. The rule is, that where one statute con-
tinues a former one in part, or explains what was doubt-
ful, *or regulates its operation*, the conclusion of the indict-
ment should be in the singular. 1 Chit. Crim. Law, 292.

Chancellor *Walworth* uses the following language on
the subject: " The sixth objection is, that the indictment
should have concluded *contra formam statutorum*, in the
plural. Such a conclusion is sometimes necessary where
one statute is in relation to another, as where one creates
the offence and another fixes the penalty; but where the
statute creating the offence is only amended or regulated,
or altered in parts thereof which do not relate to the of-
fence or to the punishment thereof, a conclusion in the
singular is proper." *Kane* v. *The People*, 8 Wend. 212.

There has been a case in this Court very similar to the
present one. In that case, the indictment was founded
on the same section of the statute of 1843 upon which
the present indictment is founded. The offence was
charged to have been committed in *June*, 1849, and the
indictment was found at the *October* term following. The
conclusion of that indictment was in the singular, *contra
formam statuti*. No objection was made to the indictment
on account of the conclusion; and the judgment, which
was for the state, was affirmed.

The statutes referred to by the defendant, on the sub-
ject of obtaining licenses, have no relation to the descrip-
tion of the offence in question, or to the *quantum* of the
punishment. Those statutes, as we have already said,
only regulate the operation of said 93d section of the
statute of 1843. If the defendant violated the provisions
of that section as charged in the indictment, he is liable
to be punished as that section prescribes.

*Per Curiam.*—The judgment is affirmed with 5 *per
cent.* damages and costs.

*J. R. Troxell*, for the plaintiff.

*D. Wallace*, for the state.

(1) See *ante*, p. 149.