JOEL K. FINLEY, and WILLIAM FINLEY, Appellants, *v.* JESSE STEELE, Appellee.

APPEAL FROM MARION.

The covenant created by the use of the words, "grant," "bargain," and "sell," under the eleventh section of chapter twenty-four of the Revised Statutes, is not operative when the grantor has inserted other covenants in his deed.

This enactment is in derogation of the common law, and should be construed strictly.

JESSE STEELE sued Joel K. Finley and William Finley on a note given by the said Joel K. Finley, and William Finley, as security, to Sarah Hamilton, and indorsed in blank by Sarah Hamilton, and delivered to the said Jesse Steele, after the same became due.

Plaintiff filed his declaration at the August term of the Marion Circuit Court, 1858, on the following note:

"One year after date, for value received, I promise to pay Sarah Hamilton or order, three hundred dollars, at ten per cent. interest per annum.

                                                    JOEL K. FINLEY.
SALEM, December 17th, A. D. 1856.                   WILLIAM FINLEY."

On the back of said note were the following indorsements: "Dec. 22d, 1857, twenty-five dollars. Received on the within note twenty-five dollars." "March 10th, 1858, Re'd. on the within, ten dollars." Note indorsed, "Sarah Hamilton."

At the March term, 1859, plaintiff's attorney moved the court for leave to amend the writ. Motion allowed, and defendants, by Willard and Bond, filed their pleas, to wit: the general issue and special plea, setting up a partial failure of consideration, in this, that said note was given for the purchase of land, and for which the said Sarah Hamilton executed her warrantee deed, in which said deed it was covenanted, amongst other things, that the same was free from all incumbrances.

That at the time of the said warrantee deed, there was a judgment against the said Sarah Hamilton, on the records of the Marion county Circuit Court, upon which an execution was issued, and said land was sold to satisfy the same, and certificates issued and time of redemption expired, and defendant, Joel, was compelled to pay the sum of $200 to remove said incumbrance.

Plaintiff joined issue upon defendants' first plea, general issue.

Replication to second plea and similiter, and cause submitted to court to try by parties without jury, O'MELVENY, Judge, presiding.

Plaintiff introduced the foregoing note in evidence, and closed his case.

Defendants introduced *Urial Mills*, who testified that he, Mills, was present at the time said note was indorsed by said Sarah Hamilton, and delivered to the said plaintiff; that the said assignment, or indorsing and delivery of said note to plaintiff, was after the same became due; that it took place on the same day that the first payment was made, and indorsed on the back of said note, which was the 22nd day of December, 1857; and that said land described in the deed offered in evidence, was the consideration for which said note was given.

Defendant then offered said deed in evidence. Objected to by plaintiff's counsel, objection sustained by the court, and the court rendered judgment on said note for three hundred and thirty-four dollars and fifty cents.

WILLARD & BOND, for Appellant.

S. L. BRYAN, for Appellee.

WALKER, J. This was an action of assumpsit, instituted by appellee, on a note executed by appellants to Sarah Hamilton, and assigned to him. The declaration contained a special count, to which the appellants filed the general issue, and a plea as to part of the cause of action, that the note sued on was given as part of the consideration for the purchase of certain real estate described in the plea; that Sarah Hamilton executed to the appellants a deed for the same, containing a covenant, that the same was free from all incumbrances done or suffered by her. That the note sued on was assigned after its maturity. That before the deed was executed, one Ogelsby had obtained a judgment against the said Sarah Hamilton for the sum of seventy-five dollars, a transcript of which, after execution returned no property found, had been filed in the office of the clerk of the Circuit Court of the proper county, and had become a lien thereon, and execution had been issued and placed in the hands of the sheriff, which was levied upon the land, and it was afterwards sold under the levy and execution, and passed redemption; and that to save themselves on their warrantee of title to their grantee, the appellants were compelled to pay Ogelsby two hundred dollars to procure an assignment of the benefit of

the sale, whereby the consideration of the note had failed to that extent.

By consent of parties, the cause was submitted to the court for trial, without the intervention of a jury. The plaintiff, on the trial, read the note described in the declaration, in evidence. The defendants then proved that the note was given as a part of the consideration of the purchase of the land described in the plea, and that it was assigned after it fell due. They then offered to read in evidence the deed for the land from Sarah Hamilton to themselves, which contained the words, " grant, bargain, sell and convey," and also a covenant of general warranty. To the reading of which the plaintiff objected, which objection was sustained by the court, and the defendants were not permitted to read it in evidence, to which the defendants excepted.

The court rendered judgment in favor of the plaintiff for $334.50, from which defendants prosecute this appeal, and assign for error the rejection of the deed as evidence, the overruling defendants' motion for a new trial, in excluding evidence tending to prove defendants' second plea, and in rendering judgment in favor of plaintiff in debt and damages.

The bill of exceptions fails to show that the judgment, transcript, execution, and deed under it, were offered in evidence, or that appellants had procured the assignment of the benefit of such a sale as is alleged in the plea, or that they were prepared to make such proof. Without such evidence, the plea was not sustained. The introduction of a deed with such covenants, without showing a breach, could not maintain the allegations of the plea, whatever construction might be given to the statutory covenant against incumbrances. The deed, for that reason, was properly excluded. But this objection was not urged, and we are disposed to determine the case upon the questions presented by counsel.

It is urged that the 11th sec. of chap. 24, R. S. 105, gives the appellants the right to insist upon a failure of consideration, because of the alleged incumbrance upon the land at the time the conveyance was executed, and that it was admissible in evidence to show that fact. That section provides that the words, " grant," " bargain," " sell," " shall be adjudged an express covenant to the grantee, his heirs, and other legal representatives, to wit: That the grantor was seized of an indefeasible estate in fee simple, free from incumbrances, done or suffered from the grantor, except the rents and services that may be reserved, as also for quiet enjoyment against the grantor, his heirs and assigns, unless limited by express words contained in such deed." This statutory provision does not create this cov-

enant against the intention of the parties. But only, where they intend that this statutory covenant shall operate and have effect, for the legislature has provided that these words shall not have this effect if they are limited by express words in the deed. It would seem to be clear that the employment of any language from which it appears the parties intended that these words should not have such an effect, would be sufficient to do away with this statutory covenant. The question then recurs whether that intention is manifested by the insertion of the covenant of general warranty in this deed.

At the common law these words had no technical meaning attached to them. They have never been held to imply a covenant of any kind unless it were under statutory enactment, although they have always been employed in the granting clause in conveyances. Notwithstanding the general rules of construction requiring that the language of a deed must be construed most strongly against the grantor, it is believed not to be applicable to this case, as it is a rule of equal force that all statutes in derogation of the common law must be construed strictly. Then when the legislature has invested these words with an operation which they did not possess at common law, that operation should not be extended by liberal intendment, beyond the obvious intention of the law makers, and if there is a doubt whether the present case by the employment of the general covenant is embraced within its provisions, it should not be held as controling the rights of the parties. There is scarcely a court before which this act has come for a construction, that has not characterized it as a provision of dangerous tendency, calculated to entrap the ignorant and unwary into liability which they never intended to incur. The words to any mind, but that of a person belonging to the legal profession, never could convey the idea, that they imposed the liability of a covenant of any description. They have no such meaning according to their general use, and only acquire it by force of the statute. This is also a sufficient reason to disincline courts to extend their operation beyond the cases clearly indicated by the enactment.

We are then to ascertain the intention of the parties executing this instrument. Had these words been employed without any other covenant in the deed, it would have amounted to a covenant that the grantor had done no act nor created any incumbrance whereby the estate granted by him could be defeated. *Prettyman* v. *Wilkey*, 19 Ill. R. 235; *Hawk* v. *McCullough*, 21 Ill. R. 221. In that case there would be nothing limiting the intention. It is a familiar rule of interpretation, that the expression of one thing is the exclusion of another. It therefore seems to follow when the grantor inserts a covenant of gen-

eral warranty, and omits all the other covenants, that it must have been his intention to bind himself alone by the covenant he has inserted. This is especially so when the covenant which is inserted is sufficiently comprehensive to embrace the statutory covenant. The general covenant of warranty is broad enough to cover the special statutory covenant against incumbrances by the grantor. It is true that under the special warranty given by the statute, a breach accrues, if at all, upon the delivery of the deed, whilst under the covenant of general warranty a breach only takes place upon an eviction. An incumbrance which is capable of ripening into a title capable of defeating the title conveyed by the grantor, is no doubt embraced in each of these covenants, but until it matures into a title and an eviction is had under it, either actual or constructive, the breach of the covenant of general warranty has not occurred. Whilst such an incumbrance is embraced in each of these covenants, the breach takes place at different periods.

This provision of our statute is a copy from the Pennsylvania act, which has likewise been adopted in Mississippi without any change. In the latter named State, the court, in giving the act a construction, in the case of *Wums* v. *McGaughan*, 7 Smeed & Marsh. R. 427, where a deed like the one in controversy in this case, contained the words of the statute and a covenant of general warranty, held that " The covenants raised by law from the use of particular words, are only intended to be operative where the parties themselves have omitted to insert covenants. But where the party declares how far he will be bound to warrant, that is the extent of his covenant." In Missouri, in the case of *Collier* v. *Gamble*, 10 Mo. R. 473, the court, under a similar statute, after a careful review of the English and Pennsylvania authorities, held, where a purchaser took an express general covenant to warrant and defend against all titles, and particularly against a certain mortgage previously executed by the grantor, which had been discharged by the grantee, and to recover the money paid for that purpose, he had instituted the suit on this statutory covenant, that there was no breach of the covenant of warranty, and the mortgage could not come within the scope of the statutory covenant against incumbrances, because the grantor having covenanted to warrant and defend against the mortgage, he could not be supposed to have intended to covenant against its existence. These decisions limit the operation of the covenants created by the use of these words to deeds in which they are employed, where the grantor has failed to insert other covenants, embracing the statutory covenants.

If the grantor were to write out this statutory covenant in a deed and also insert a covenant of general warranty, it would

present a very different question, as then it would by that act appear to be his intention that both covenants should be operative. In such a case the court would have to give effect to each, so far as it was not limited by the other.

We are unable to perceive any error in this record requiring the reversal of the judgment, and the same is therefore affirmed.

*Judgment affirmed.*