## Case No. 16,542.

### UNITED STATES v. TROUT.

[4 Biss. 105.] [1]

District Court, D. Indiana. June, 1867.

INDICTMENT UNDER SEVERAL STATUTES—FORGING TREASURY NOTES.

1. When an offense is prohibited by several statutes, it is usual to conclude the indictment contra formam statutorum. But a conclusion contra formam statuti in such a case will not be sufficient to support a motion in arrest of judgment. So, a conclusion in the plural where there is but one prohibitory statute, is not ground for motion in arrest of judgment.

2. An indictment for forging treasury notes need not in terms give them that name. The court will determine what they are by the copies of them set out in the indictment.

3. In an indictment for forging a treasury note. it is not necessary to aver that it was made in the resemblance of the genuine notes.

[Cited in U. S. v. Bennett, Case No. 14,572; U. S. v. Noelke, 1 Fed. 429.]

Hanna & Knefler, for the motion.
Alfred Kilgore, U. S. Dist. Atty., contra.

McDONALD, District Judge. At the present term, the defendant [John B.] Trout was indicted for having in his possession three counterfeit United States treasury notes, of the denomination of fifty dollars, with intent to pass them. On a plea of not guilty, the jury found him as charged in the indictment. His counsel now move in arrest of judgment on this verdict.

There are three counts in the indictment on three several counterfeit treasury notes.

First, it is contended that the judgment ought to be arrested, because the conclusion of each of the counts is bad. The first and second counts conclude "contrary to the form of the acts of congress in such case made and provided." The conclusion of the third is the same, except that "act" instead of "acts" is employed. It is urged that there is but one act of congress on the subject of this indictment; and that therefore the conclusion, "contrary to the acts," in the first and second counts, is bad. "The rule given in the old writers is, that where an offense is prohibited by several independent statutes, it was necessary to conclude in the plural; but now the better opinion seems to be that a conclusion in the singular will suffice." Whart. Am. Cr. Law, § 412. The old doctrine has been followed in Indiana. State v. Moses, 7 Blackf. 244; State v. Hunter. 8 Blackf. 212; Francisco v. State, 1 Ind. 179. But I think the weight of authority is against these Indiana decisions. And if even I am wrong in this view, it would not follow that an indictment on a single statute concluding in the plural is bad. Indeed, the supreme court of Indiana has held that an indictment on a single statute concluding in the plural is good. Carter v. State, 2 Ind. 617. But be all

this as it may, it is certain that if there be one good count in this indictment, the judgment cannot be arrested. Here the first and second counts conclude in the plural, and the third in the singular; and there is a general verdict of guilty on all. Under these circumstances, it is impossible to arrest the judgment on the ground that the counts conclude wrong; for one of them at least must conclude right.

Secondly, in support of the motion in arrest, it is urged that, as the indictment is framed on the 10th section of the act of June 30, 1864 [13 Stat. 221], which provides for the punishment of persons who "shall have or keep in possession or conceal any false, forged, counterfeited, or altered obligation or other security" of the United States, with intent to pass the same, the indictment ought to have alleged in terms that the forged notes in question are such "obligations or securities." The 13th section of the act declares that "the words 'obligation or other security of the United States' used in this act shall be held to include and mean all bonds, coupons, national currency, United States notes, treasury notes," etc. 13 Stat. 222. The 10th section of this act, therefore, undoubtedly reaches the forged notes in question. These, as copied in the indictment, on their face purport to be United States treasury notes,—"securities for the United States." There is, therefore, no use in alleging in the indictment the name of these instruments. No name need be given them. Yet, in fact, the indictment does describe them as "false, forged, and counterfeit treasury notes"; and it copies them. This surely is enough, without adding, in the language of the 10th section of the act, that they were "obligations or other securities of the United States."

Thirdly, it is insisted in support of this motion, that the indictment ought to have averred that these counterfeit treasury notes were made in the resemblance of the genuine ones. In describing counterfeit coin, it is usual to aver that it is made in the likeness and resemblance of the genuine. And, in that case, such an averment may be necessary; though there are some English precedents to the contrary. Archb. Cr. Prac. & Pl. 571. But in charging a forgery of paper money, I have found no precedent containing the averment in question. On the contrary, there are many precedents not containing it. Archb. Cr. Prac. & Pl. 289; Whart. Prec. Ind. 313. This view of the question has been sustained by the supreme court of Illinois. Swain v. People, 4 Scam. 178. The motion in arrest is overruled.

NOTE. A conclusion "against the form of the statute" is sufficient when the offense is within more than one independent statute, and a conclusion "against the form of the statutes." would be good, though the offense were punishable by a single statute only. U. S. v. Gibert [Case No. 15,204]. This decision was given on a motion for new trial and in arrest of judgment. In the case of U. S. v. Burns [Id. 14,- 691], an indictment for counterfeiting coin,—

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

and where there was an averment of its "likeness and similitude of genuine coin,"—the court held that such averment must be proved. and laid down the rule that "if, from incompleteness or the clumsiness of the manufacture, men of very ordinary circumspection and intelligence could not be imposed upon by them [the coins] there is no ground for the inference that they were designed for fraudulent use." See, also, U. S. v. Morrow [Id. 15,819].