THE STATE OF NEBRASKA, EX REL. GEORGE McLEAN, JR., v. F. W. LIEDTKE, AUDITOR OF PUBLIC ACCOUNTS.

1. **University :**   STATE TREASURER.   In the case made, *held,* that in the execution of his duties, under the provisions of the act of June 23d, 1875, the state treasurer acts as state treasurer, and not as treasurer of the board of regents of the state university.

2. **Salaries of the Officers and Professors of the State University.**   Under the appropriation bill of 1879, *held,* that the salaries of the officers and professors of the state university for the years 1879 and 1880 are payable out of the general fund.

3. **Construction of Statutes.**   When there is no ambiguity in the language of an act of the legislature, nor conflict between different acts on the same subjects, or between different provisions or sections of the same act, this court will not look into the wisdom or policy of such legislation for the purpose of giving it some other meaning than that apparent on its face.

ORIGINAL application for mandamus.

*J. Stuart Dales,* for relator.

*The Attorney General,* for the respondent.

COBB, J.

The relator, who is janitor of the university building, acting under appointment of the board of regents of the university at a stated salary payable monthly, makes

and files his relation against the respondent, who is auditor of public accounts of the state of Nebraska, and prays the judgment of this court that the said respondent be required without delay to draw his warrant in favor of the relator upon the state treasury for the sum of one hundred dollars, the amount of his salary for the months of April and May, 1879; the said relator having on the ninth day of June, 1879, presented to the said respondent the certificate of said board of regentss, howing him, the said relator, to be entitled to the said warrant for salary, and which was by the said respondent refused.

The respondent appears and makes answer to the said relation and states as reasons why a peremptory writ of mandamus should not issue against him, that no specific appropriation has been made by the legislature to pay the said claim out of the regents' general fund for the months of April and May, 1879, upon which fund the board of regents of the university issued their certificate for his said salary. Respondent cites section 22 of article III of the constitution of the state : "that no money shall be drawn from the treasury except in pursuance of a specific appropriation made by law." Also that the legislature at its last session failed to appropriate any of the funds which constitute the regents' general fund, and for that reason respondent refused to draw any warrant on that fund.

The respondent further states in his said answer that at the last session of the legislature an act was passed making appropriations for the current expenses of the state government, etc., approved February 27, 1879, including the expenses of the university. (Laws 1879, p. 434.) And in said act the sum of $25,000 per annum for two years was appropriated out of the general fund for the support of the university, and which said sum is unexpended. Wherefore and for the reasons

above stated the respondent refused to draw his warrant on the regents' general fund in favor of the relator, etc.

In any event a peremptory writ will have to issue, and the only question of any difficulty presented for the consideration of the court is—out of what fund shall the auditor be directed to draw such amount? And before a proper answer to this question is reached we must consider whether, in the matter of receiving and paying out the revenues of the university, the state treasurer acts in his official capacity as state treasurer or in the capacity of treasurer to the board of regents of the university. Upon careful examination of the several acts of the legislature and constitutional provisions applicable to this question we are forced to the conclusion that it was the intention of the legislature, which passed the act of February 23, 1875 [Laws, 1875, p. 154], that all moneys belonging to the university fund then in the hands of the treasurer of the board of regents should not only be paid over to the state treasurer, but should thereupon be covered into the state treasury, and that thereafter all like funds, upon reaching the hands of the state treasurer, would by force of law be covered into the state treasury. It necessarily follows that no such funds or any other funds once in the state treasury can be drawn out except in pursuance of a specific appropriation.

And as an appropriation was made by the last legislature of funds to meet the expenses of the state university for the years 1879 and 1880 out of the general fund, the auditor is restricted to that fund, and can draw upon none other for said years.

When there is no ambiguity in the language of an act of the legislature, nor conflict between different acts on the same subject, or between different provi-

sions or sections of the same act, this court will not look into the wisdom or policy of such legislation for the purpose of giving it some other meaning than that apparent on its face.

A peremptory mandamus will issue to the respondent requiring him to issue his warrant to the relator for the amount claimed on the general fund. The costs of this proceeding to be paid by the relator.

WRIT ALLOWED.