## DOUGLASS *v.* LEWIS and others.

Filed January 26, 1886.

1. STATUTES—CONSTRUCTION—AMBIGUITY.
   Where the statutory terms are of such uncertain meaning or so confused that the court cannot discern with reasonable certainty what is intended, they will be declared void.

2. SAME—SLIGHT INACCURACIES OF EXPRESSION.
   Courts will not declare an enactment void on account of slight inaccuracies of expression.

3. SAME—CARDINAL RULE OF INTERPRETATION.
   The cardinal rule in the interpretation of statutes is to ascertain, if possible, the legislative purpose or intention in the enactment of a law.

4. SAME—SECTION 2750, COMP. LAWS N. M.—WHAT COURT MAY CONSIDER.
   Section 2750, Comp. Laws N. M. 1884, having been enacted in 1852, the court in construing it may look back to that period to ascertain the surroundings of the legislature that passed the act, the language in which it was passed, the difficulties of a correct verbal translation, and other necessary circumstances.

5. SAME—CONSTRUCTION—MEANING OF PHRASES THEREIN.
   In section 2750 of Compiled Laws of New Mexico of 1884 the phrase "hereditary real estate" means "real estate of inheritance;" "possessed of an irrevocable estate in fee-simple" means "seized of an indefeasible estate in fee-simple," and "limited to the following effect" means "construed to the following effect."

6. DEED—IMPLIED COVENANTS, WHEN ENFORCED.
   The covenants raised by law from particular words in a deed will be only regarded as operative in cases where the parties themselves have omitted to insert covenants.

7. SAME—WORDS "GRANT, BARGAIN, AND SELL."
   The words "grant, bargain, and sell," had no technical significance at common law. They have never been held to imply a covenant of any kind, unless under statutory enactment, although they have been commonly used in the granting clause of conveyances.

8. SAME—WORDS CONSTRUED MOST STRONGLY AGAINST GRANTOR—EXCEPTION.
   The rule that the words employed in a deed must be construed most strongly against the grantor, ought not to be enforced in a case where the statute is in derogation of the common law, and should be construed strictly.

9. SAME—IMPLIED WARRANTIES OF SEIZIN NOT FAVORED BY COURTS.
   Implied warranties of seizin are to be discouraged as dangerous, and tending to impose upon a grantor a burden of responsibility which by the conveyance he did not intend to assume.

Appeal from district court, Bernalillo county.

*Fiske & Warren* and *Stone & Stone,* for appellee, Wallace Douglass.

*S. M. Barnes, John H. Knaebel,* and *Stearns & Douglas,* for appellants, Charles W. Lewis and others.

HENDERSON, J. This is an action of covenant, and was instituted in the court below by the plaintiff, Douglass, on an alleged covenant of seizin contained in a deed of conveyance made by the defendant Charles W. Lewis and Jessie A. Lewis, his wife, on the thirteenth day of May, 1882. On that day Lewis and wife executed and delivered to Douglass this deed, conveying 160 acres of land lying in Bernalillo county, and received therefor $5,333.33, and on the same day put Douglass into possession of the premises. The declaration is founded upon an alleged breach of the covenant of seizin. To the declaration a demurrer was interposed, and overruled by the court. Defendants filed pleas, to which demurrers were sustained. Addi-

tional pleas being filed, issues were joined. Appellants assign 14 alleged errors in the record. We think it unimportant in this case to consider the alleged errors committed by the court in overruling the demurrer to the declaration, or in sustaining demurrers to their first pleas.

The questions discussed in this opinion may be considered under the fourth and eighth assignments of error, which are as follows:

"*Fourth.* The court erred in overruling defendants' motion and grounds for a new trial, and in arrest of judgment." "*Eighth.* The court erred upon the said trial in directing a verdict in this case for the plaintiff, against the remonstrance of the defendants, in any amount whatever; there being no sufficient evidence to support said verdict."

The plaintiff was in possession of the land when he brought this suit, and had not in any way been disturbed in the quiet enjoyment thereof. There was no express covenant of seizin in the deed, but there was both a special and general covenant of warranty. The contention of the plaintiff is that the deed contained an implied covenant of seizin by force of the terms of a statute in force at the date of the execution of the deed, and so the court below held and directed the jury to find for him and assess his damages at the sum paid for the land. It will serve no useful purpose to state what the facts were as shown by the evidence at the trial.

The statute relied on by the plaintiff is as follows, (section 2750, Comp. Laws 1884:)

"The words ' bargained and sold,' or words to that effect, in all conveyances of hereditary real estate, unless restricted in express terms on the part of the person conveying the same, himself and his heirs, to the person to whom the property is conveyed, his heirs and assignees, shall be limited to the following effect: *First*, that the grantor, at the time of the execution of the conveyance, is possessed of an irrevocable possession in fee-simple to the property so conveyed. *Second*, that the said real estate at the time of the execution of said conveyance is free from all incumbrances made, or suffered to be made, by the grantor, or by any person claiming the same under him. *Third*, for the greater security of the person, his heirs and assignees, to whom the said real estate is conveyed by the grantor and his heirs, suits may be instituted the same as if the conditions were stipulated in the said conveyance."

Appellant's counsel contends that this section is so uncertain and obscure that it must be declared void. That there is some obscurity and uncertainty growing out of the use of several words and phrases in this section cannot be denied. The rule of law on this subject may be stated as follows: Where the statutory terms are of such uncertain meaning or so confused that the courts cannot discern with reasonable certainty what is intended, they will be declared void. *McConville* v. *Jersey City*, 39 N. J. Law, 38; *Cheezem* v. *State*, 2 Ind. 149; *King* v. *State*, 2 Ind. 523; *Sullivan* v. *Adams*, 3 Gray, 476; *State* v. *Liedtke*, 9 Neb. 468; S. C. 4 N. W. Rep. 61; *State* v. *Craig*, 23 Ind. 185; Bish. Writ. Law, 41. Courts will not, however, declare an enactment void on account of slight inaccuracies of expression.

*Evans* v. *Com.*, 3 Metc. 453; *Haynes* v. *State*, 5 Humph. 120; *State* v. *Cooper*, 5 Day, 250; *People* v. *Shepard*, 36 N. Y. 285.

The cardinal rule in the interpretation of statutes is to ascertain, if possible, the legislative purpose or intention in the enactment of a law. This rule is of such universal recognition that we will not cite authorities in its support. This statute was enacted in 1852. We are warranted in looking back to that period to ascertain the surroundings of the legislature, the language in which the act was passed, the difficulty and improbability of a verbally correct translation into English, and determine by these and other considerations what was meant by the use of the words and somewhat obscure phrases employed in the section as it now appears in the statutes of the territory.

It is conceded that the legislature undertook to pass an act, of which the section was a part, on the subject of the conveyance of real estate, and to copy a statute then in force in the state of Missouri on that subject. The statute was passed in the Spanish language, and has undergone several translations into English. It will be seen that there was an effort to translate an English statute into Spanish, and to enact it in that tongue, and again translate it into English, without any special care being taken to reproduce the statute into English exactly in terms as originally found in Missouri. We think it reasonably certain that the phrase "hereditary real estate" means "real estate of inheritance;" again, "possessed of an irrevocable possession in fee-simple" with like reasonable certainty means "seized of an indefeasible estate in fee-simple;" and that "limited to the following effect" may be read "construed to the following effect." If this be true, we have ascertained with that degree of certainty the meaning of the statute that makes it our duty to uphold and enforce it.

In *Armijo* v. *New Mexico Town Co.*, 5 Pac. Rep. 709,[1] at the last term, Chief Justice AXTELL, in delivering the opinion of the court, went outside of the question properly before it, and in a *dictum* declared this section void. There was no concurrence by any other member of the court in his views on this subject. Hence it need not be considered as in any sense binding. Having disposed of the objection to the validity of the statute, we will look into the record to ascertain whether the pleadings and proofs on the part of the plaintiff were such as to justify the court below in directing the jury to find for him.

The contention of appellant's counsel is that inasmuch as there is no express covenant of seizin in the deed, and that there is a covenant of warranty, the covenant of warranty must be construed and treated as a limitation and restriction in legal effect, in express terms, upon their liability as grantors in the deed. This view was adopted by the supreme court of Mississippi. In *Weems* v. *McCaughan*, 7 Smedes & M. 422, SHARKY, J., in delivering the opinion of the court, said:

[1] Same case, *ante*, 244.

"The covenant raised by law from the use of particular words in the deed are only intended to be operative when the parties themselves have omitted to insert covenants. But when the party declares how far he will be bound to warrant, that is the extent of his covenant. The law will not hold him bound beyond it." See Cruise, Real Prop. 449; *Vanderkarr* v. *Vanderkarr*, 11 Johns. 122; *Brown* v. *Smith*, 5 How. 887.

*Finley* v. *Steele*, 23 Ill. 56, is also directly in point. This case approves the rule laid down in *Weems* v. *McCaughan*, *supra*, and in addition thereto states many reasons, as we think, of the highest public importance why an implied covenant ought not to exist in such cases.

It is very well known that the words "grant, bargain, and sell" at common law had no technical meaning attached to them. They have never been held to imply a covenant of any kind, unless under statutory enactment, although they have been generally used in the granting clause in conveyances. It is true that the words employed in a deed must be construed most strongly against the grantor. This rule, however, ought not to be adopted here for the reason that the statute is in derogation of the common law, and should be construed strictly. As said by the Illinois court, "there is scarcely a court before which this statute has come for construction that has not characterized it as a provision of dangerous tendency, calculated to entrap the ignorant and unwary into liability which they never intended to incur." *Findley* v. *Steele*, 23 Ill. 56. See, also, *Collier* v. *Gamble*, 10 Mo. 473.

Had Lewis written out this statutory covenant, and put it into his deed, and had also inserted the covenant of warranty, it would present a very different question, as by that act it would appear to have been his intention that both covenants should be operative. In such case, the court would enforce both, and thereby give effect to the intention of the parties.

Rawle on Covenants for Title, at page 492, in discussing the effect upon an implied or statutory covenant by the insertion of an express covenant of general warranty, says:

"The effect of this is, of course, to deny to a purchaser the benefit of the statutory covenant for seizin when he has also received an express covenant of warranty, and under such circumstances it would seem that there could never be a recovery without an eviction."

As there is no pretense in this case of an eviction, or any claim whatever of a breach of the covenant of warranty, it follows that the action cannot be maintained, and that it was error in the court below to order a verdict for the plaintiff, and in overruling the motion in arrest of judgment. For these errors the judgment is reversed, and cause dismissed, with costs of both courts to appellee.

LONG, C. J., and BRINKER, J., concur.