James R. Snider et al., Plaintiffs in Error, v. Edwin M. Van Petten and Anna F. H. Van Petten, Defendants in Error.

1. COVENANTS—*when express covenant supersedes implied covenant.* In an action for a breach of warranty in the sale of land, the covenants raised by statute from the use of the words "grant, bargain and sell" are held to be superseded by an express covenant in the deed and the counts in plaintiff's declaration based on an implied covenant do not state a cause of action.

2. COVENANTS—*action for breach of express warranty.* Where plaintiffs purchased certain land in Arkansas from defendants who covenanted to warrant and defend title, and a tax assessed prior to the purchase is levied and on foreclosure proceedings the property is conveyed to a third person, plaintiff never having been in possession, cannot rely upon a constructive eviction to sustain his action for breach of express covenant, and a demurrer to his declaration is properly sustained.

Error to the Circuit Court of McLean county; the Hon. COL-OSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed March 18, 1913.

BASSETT, MORGAN & HEBEL, for plaintiffs in error.

BARRY & MORRISSEY and FITZ HENRY & MARTIN, for defendants in error.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

On the 8th day of August, 1904, defendants in error conveyed to plaintiffs in error certain farm property in St. Francis county, Arkansas, by deed of "grant,

bargain, sell and convey." Following the *habendum* clause, the deed contained the following express covenant. "We hereby covenant with the said James R. Snider and Benjamin F. Snider that we will forever warrant and defend the title to said lands against all claims whatever." Defendant Anna F. H. Van Petten is the wife of Edwin M. Van Petten, and executed the deed solely for the purpose of releasing her dower.

This land was located within the boundaries of the St. Francis levee district; and in May, 1904, the board of directors of this levee district levied a certain tax upon the said lands, but the assessment roll levying this tax was not filed in the office of the county clerk of St. Francis county until January, 1905; and the levy of this tax was not a matter of record in St. Francis county at the time of the execution and delivery of the deed in question, and was not discovered by either of the parties to this action until some time in 1907. The statute of Arkansas provided that taxes levied in May of each year by the board of directors of the St. Francis levee district, should be a lien on the land against which it was levied, in the nature of a mortgage lien bearing interest at the rate of six per cent per annum after thirty days from the filing of the same in the county clerk's office and until paid.

Foreclosure proceedings were commenced in December, 1905, to collect this tax, and proceeded to a final decree and deed; a deed was made in accordance with the decree by the commissioner named therein to one S. H. Mann.

This action is brought for a breach of covenant alleged to have been contained in the deed of conveyance, it being insisted by plaintiffs in error that under and by virtue of the statutes of the state of Arkansas, which are properly set forth and pleaded, that a deed containing the words, "grant, bargain, sell and convey," constituted the covenant that the grantor was seized of an indefeasible estate in fee simple, free from all incumbrances done or suffered from grantor; also,

quiet enjoyment from claims and demands of all persons whatsoever, unless limited by the express terms of such deed.

The first breach assigned is that the grantors were not seized of an indefeasible estate in fee simple and had no right to convey.

The second breach is that the lands were not free from incumbrance, but that the same were liable for certain taxes, setting forth the tax of the St. Francis levee district, and averring that the same was a lien at the time the covenants were made by the defendants in error, then averring the foreclosure proceeding and the sale of the land under and by virtue of the statute of the state of Arkansas.

Another breach alleged the execution of the deed, the covenants contained therein, the incumbrances upon the land, and avers that the lands were vacant and unoccupied and that the plaintiffs in error were denied possession of the premises when they undertook to enter into possession under and by virtue of the deed executed by defendants in error, and that under and by virtue of the foreclosure proceedings and the sale for nonpayment of taxes, a deed executed under such decree vested in the purchaser a valid title both in law and equity; and that under and by virtue of the decree a deed was executed and delivered to S. H. Mann and the report thereof approved by said court. That the defendants in error were not in possession and never had been in possession of the real estate and that by virtue of the proceedings had for the foreclosure of the tax lien, by reason thereof defendants in error did not keep their covenants, that by reason of the execution of the deed to the said Mann he refused to permit plaintiffs in error to enter; that the title conveyed to S. H. Mann under and by virtue of the foreclosure proceedings was a paramount title and by reason thereof there is a constructive eviction of plaintiffs in error from said premises.

Defendants in error demurred to each of the

breaches assigned in this declaration. The court sustained the demurrer. Plaintiffs elected to stand by their declaration, and a final judgment was rendered, from which plaintiffs prosecute this writ of error.

The full text of the statute of Arkansas under which it is contended that the deed of "grant, bargain, sell and convey" shall be construed as a warranty is not set forth verbatim, but the declaration avers that the statute of the state of Arkansas provides that where the words, "grant, bargain, and sell," are used, shall be construed to be an express covenant to the grantee, his heirs and assigns, that the grantor is seized of an indefeasible estate in fee simple free from incumbrances done or suffered by the grantor; also, quiet enjoyment against the grantor, his heirs and assigns, and from all claims and demands of all other persons whatsoever unless limited by the express words in such deed. It is contended on the part of plaintiffs in error that the express warrant in the deed does not supersede or destroy the covenants implied in a deed of "grant, bargain, sell" and convey by the statute. On the other hand, it is contended by defendants in error that the statutory covenants implied in a deed of this character must give way to the express covenant to warrant and defend, contained in this deed.

The averments in plaintiff's declaration regarding the statutory enactment of the state of Arkansas contains the same averments and is in effect the same statute as is in force in the state of Illinois. Section 8, chapter 30, on "Conveyances," Hurd's Revised Statutes 1911.

The Supreme Court of this state has said in *Finley v. Steele*, 23 Ill. 56: "The covenants raised by law from the use of particular words, are only intended to be operative where the parties themselves have omitted to insert express covenants. But where the party declares how far he will be bound by warrant, that is the extent of his covenant." In *Finley v. Steele*, *supra*, is cited a Missouri case in which a similar stat-

ute in Missouri is construed in the same way. *Finley v. Steele, supra,* is cited with approval in *Rubens v. Hill,* 213 Ill. 523-539; and we hold under the rule laid down in these cases, that the only covenant contained in the deed executed by defendants in error is the express covenant in their deed, and that the implied covenant implied by the statute is superseded by the express covenant in this deed. Consequently, the first or second counts of plaintiff's declaration do not state a cause of action.

The third or additional breach assigned counts upon the breach of the express covenant whereby defendants covenant to warrant and defend the title, and assigned as a breach of this covenant the levy of the drainage tax by the board of directors of the St. Francis levee district and the filing of the same in the county clerk's office, the failure to pay the tax and the foreclosure proceedings instituted to collect the same under and by virtue of the statute of the state of Arkansas, that this foreclosure proceeding culminated in a decree of foreclosure, the sale of the premises, the purchase of the same by one S. H. Mann, and the final execution of the deed to him for the premises. This breach avers that the defendants did not have any title to said real estate and were not in possession of the same at the time of the conveyance aforesaid to the plaintiffs, and that such lands were vacant and unoccupied and so remained vacant from thence until the present time, and that plaintiffs never have been in the possession of said premises and were not able to obtain the possession by reason of a paramount title so held by the said S. H. Mann, by virtue of his deed under said foreclosure proceedings, and avers that the plaintiffs were, by reason of the proceedings, constructively evicted out of and from the possession of said premises.

Plaintiffs in error rely upon a constructive eviction from these premises in order to sustain their allegation of a breach of the express covenant contained in

this deed. Defendants in error contend that a breach of the express covenant is not shown by a constructive eviction and that no breach of this express covenant is shown by the allegations contained in the assignment of this breach as alleged in the declaration.

The express covenant made by defendants in error is to warrant and defend this title. In the case of *Scott v. Kirkendall*, 88 Ill. 465, the only question involved was whether or not there had been a breach of the covenant of warranty, and the Supreme Court there said: "The only question presented by the record, which we need to consider, is, whether there can be a recovery in an action of covenant for breach of the covenant of warranty in a case where the land concerned is and ever has been vacant and unoccupied, without showing more than an outstanding paramount title. The great current of authority is in favor of the negative of this proposition." In that case the evidence disclosed, at the time of the execution of the deed, appellees had no title to the land but that a paramount title was still in the United States for one quarter and in one Holman for the balance. The Supreme Court further said: "The mere existence of a paramount legal title which has never been asserted, cannot amount to a breach of this covenant. The covenantee or his assignee, must be disturbed in the possession, actual or constructive, he must be evicted, or there must be something equivalent thereto. * * * It is not necessary, however, that he should be evicted by legal process; it is enough that he has yielded the possession to the rightful owner, or, the premises being vacant, that the rightful owner has taken possession." The same doctrine is held in *Barry v. Guild*, 126 Ill. 439.

In the case at bar, as stated in the third or additional breach, the facts set forth nothing more than a constructive eviction. The purchaser under the foreclosure proceeding, under the averments of the declaration, had never taken possession of the premises, there never had been any legal action for the purpose

of determining the right to possession; the trial court properly held that the alleged breach of the covenant as contained in the assignments in this third or additional count did not constitute a cause for action. The court properly sustained the demurrer.

The judgment is affirmed.

*Affirmed.*