## LIVES v. NATIONAL MINERAL CO.

### No. 8425.

Circuit Court of Appeals, Seventh Circuit.

April 26, 1944.

Maurice S. Cayne and Bernard W. Vinissky, both of Chicago, Ill., for appellant.

Louis E. Hart and Charles O. Parker, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This is an action to recover damages alleged to have resulted from the defendant's breach of an implied warranty. The answer alleged, among other matters, that plaintiff's cause of action, if any, did not accrue within five years prior to the beginning of the action, hence was barred by the applicable statute of limitations, Chapter 83, Section 16 of the Revised Statutes of Illinois.

At a pre-trial conference it was agreed that the court should determine, from the parties' stipulation of facts, the issue with respect to the statute of limitations thus pleaded in paragraph 13A of the answer, before setting the cause for trial. This was done and the court decided that issue adversely to defendant, and dismissed that paragraph of the answer. From that ruling this appeal is prosecuted.

It is conceded that the five-year statute of Illinois is the applicable one, but the parties disagree as to when it began to run. That question must be determined from the stipulated facts, which substantially are as follows:

On October 1, 1931, plaintiff, by oral order, purchased from the defendant 6 machines, with incidental appliances, for the purpose of giving hair waves in accordance with the croquignole method.

Plaintiff contends, and defendant denies, that in connection with such purchase there was an implied warranty by defendant *that plaintiff would have the uninterrupted right to the use of such machines and appliances in her business in giving hair waves in accordance with the croquignole method without eviction and without any liability to third persons on account of the infringement of any patent,* and her suit is founded upon such implied warranty.

Plaintiff had the uninterrupted use of such machines and appliances in her business, above referred to, from the time she purchased them in the latter part of 1931, to December 11, 1933.

On November 25, 1932, a bill of complaint was filed in the United States District Court for the District of Ohio, Western Division, entitled The Philad Company et al. v. Florence Frey (the plaintiff in this action), charging her with infringement of their patent. The charges were based on claims covering a process of waving hair on the human head.

In that case, on motion of the plaintiffs, an order was issued by that court on De-cember 11, 1933, in effect restraining the defendant, the plaintiff herein, from practicing the croquignole method of waving hair, whereupon she discontinued the use of the machines and appliances purchased by her from the defendant herein. Thereafter the infringement action was heard, and on December 23, 1935, that court decreed that the defendant, the plaintiff here, was guilty of infringement as there charged, and that a writ issue perpetually enjoining her from practicing such process with appliances, accessories or supplies not manufactured by or licensed under the patent in issue. On the same day an appeal was filed in the Court of Appeals for the Sixth Circuit, and on November 15, 1938, that appeal was dismissed. Frey v. Philad Co., 99 F.2d 1003. Thereafter, in the District Court above referred to, another final decree was entered to the effect that the defendant, the plaintiff here, had infringed the patent as charged, and that the injunctive decree of December 23, 1935, continue in full force and effect.

It is elemental that a statute of limitations does not begin to run against a cause of action until that action accrues. The sole question here presented and argued is the determination of the time when the five-year period of limitation began to run against plaintiff's cause of action on the alleged warranty. Both parties agree that it began to run when plaintiff was evicted from the user covered by the alleged warranty, but they differ as to when that eviction occurred. In support of the District Court's ruling, plaintiff urges that the eviction did not occur until the infringement action in the Sixth Circuit was finally adjudicated by the agreed dismissal of her appeal on November 15, 1938, and the subsequent decree of the District Court in that case, on November 17, 1938, continuing in full force and effect the injunctive provisions of the decree there entered December 23, 1935.

On the other hand, the defendant contends that the eviction occurred when the preliminary injunction was issued in the infringement suit on December 11, 1933, and in any event when it was made perpetual on December 23, 1935, both of which dates were more than five years prior to the commencement of this action.

As to his controversy we think the defendant must prevail. Unquestionably plaintiff's right to use the machines and appliances was interrupted when the tem-

porary restraining order was issued. That order was afterwards made permanent and she never again used them. The first order was issued on account of the court's reasonable effort to protect the patent against infringement which the court at that time was bound to presume a valid one. The second order was issued to protect the same patent against this plaintiff's infringement, of which at that time they found her previously guilty. She admits that her user was thus interrupted at all times after December 11, 1933, and that she was damaged thereby, yet she contends that her cause of action did not accrue until she had dismissed her appeal in the Sixth Circuit Court of Appeals, for until then, so she contends, it could not be definitely said that she had infringed the patents, and without such adjudicated infringement she argues there could be no liability on this defendant's implied warranty. That is to say, if she had prevailed in the infringement suit there would have been no liability against this defendant because there would have been no infringement, although she would have suffered the same damage of which she now complains. However, it is here argued in her behalf that if it be held that the date of eviction is November 15 or 18, 1938, she would be entitled to recover for all proved damages from December 1933, to the filing date of her supplemental complaint, August 11, 1942, a period of almost nine years.

Plaintiff relies on Snider v. Van Petten, 180 Ill.App. 677, and analogous cases, in support of her contention that her cause of action could not accrue until the litigation then pending was finally determined. Those cases involved warranty of title to real estate, where the grantee was never evicted until after final judgment and of course was not damaged until that time. In the Snider case the court said, quoting from the case of Scott v. Kirkendall, 88 Ill. 465, 30 Am.Rep. 562, " 'The mere existence of a paramount legal title which has never been asserted, cannot amount to a breach of this covenant. The covenantee or his assignee, must be disturbed in the possession, actual or constructive, he must be evicted, or there must be something equivalent thereto. * * * It is not necessary, however, that he should be evicted by legal process; it is enough that he has yielded the possession to the rightful owner, or, the premises being vacant, that the rightful owner has taken possession.' "

From all the cases relied upon by plaintiff we gather that in breaches of warranty of title there is no cause of action until there is a breach; there is no breach or damage until there is an eviction, or its equivalent; and, if litgation is pending with respect to the parties' rights as to title or possession, there can be no legal eviction until there is a final adjudication of such litigation. This we think is sound in principle because in such cases all the parties interested were before the court, and there was no change in possession and use. In the case at bar the same general principles are to be applied, but the facts being different, a different result necessarily will follow as to the time when an eviction can occur. The Snider case was between two parties who claimed the same right of title to and possession of the real estate. In the case at bar the right of use of a patented method is involved, neither title to nor possession of the machines and appliances is controverted, and neither the owners of the patents nor any licensee of such owners are parties thereto. The sole defendant is the party who sold plaintiff the outfit, warranting her right to use it *"without eviction and without any liability to third persons on account of the infringement of any patent."*

That her right of use was interrupted by the District Court's injunctive orders is admitted, and she was thereby evicted from the use of the machines in a very real sense. We think it can not be denied that the interruption and eviction were "on account of the infringement of" the patent above referred to. The District Court of the Sixth Circuit said so in its decree of December 23, 1935. That court had the right to decide that question, and its decree with respect thereto, whether right or wrong, was binding on those parties and these parties until reversed or otherwise vacated by the court or by the parties to the Sixth Circuit suit. That suit was defended for this plaintiff by this defendant, and the appeal was dismissed by agreement, and no question is involved in this suit as to this plaintiff's damage with respect to her liability to the owners of the patent for her infringement.

Plaintiff's construction of the alleged implied warranty is based upon her conclusions of law as to the implications which legally arise from the facts which she has pleaded and stipulated, and upon her legal conclusion as to the meaning of the language which she has employed to describe

318

those implications. We are not bound by those conclusions. We think her construction of the language which she employs to describe the implied warranty is unreasonable and is urged for the sole purpose of avoiding an earlier running of the statute of limitations.

For the purpose of argument only, we assume, without deciding, that the alleged legal implications arising from the facts are properly stated. Under those facts we think the statute began to run against plaintiff's cause of action on December 11, 1933, and the action was barred when she filed her suit, hence the court erred in dismissing paragraph 13A of the defendant's answer.

The decree of the District Court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.