## MORTON v. SKINNER.

FUGITIVE FROM JUSTICE.—*Constitutional Law.*—"*Crime.*"—A misdemeanor punishable by a fine not exceeding five thousand dollars is within the meaning of the word "crime," as used in sec. 2, article 4, of the Constitution of the United States.

From the Tippecanoe Circuit Court.

*J. A. Stein, J. L. Miller,* and *J. R. Coffroth,* for appellant. *S. A. Huff* and *R. P. DeHart,* for appellee.

DOWNEY, J.—This is an appeal from the judgment of the circuit court in a *habeas corpus* case. The appellant was held in custody by virtue of a warrant issued by the Governor of this State, upon a requisition by the Governor of the State of Illinois. On consideration of the case in the circuit court, the appellant was remanded to the custody of the officer having him in charge.

The papers in the case, copied into the record, show that the appellant is charged in Illinois with a crime which is neither treason nor felony, but is a misdemeanor punishable by fine not exceeding five thousand dollars, and the question, and only question, made by the appellant is, whether the case is one coming within the Constitution and laws of the United States relating to the surrender or extradition of fugitives from justice, fleeing from one state to another. Does the act charged come within the meaning of the word "crime," as used in the Constitution of the United States, art. 4, sec. 2? We have examined the question thus presented with such care as the time and circumstances would allow, and have come to the conclusion that the act charged is a crime within the meaning of the Constitution and laws of the United States. We cite, as authorities applicable to the question, the following: *Commonwealth of Kentucky* v. *Dennison,* 24 How. 66; *In re Clark,* 9 Wend. 212; *State* v. *Buzine,* 4 Harring. Del. 572; Walker Amer. Law, 511, sec. 187; 4 Chitty Bl. Com. 5; Bouv. Law Dict. title Crime; Hurd Hab. Corp. 595, *et seq.;* 2 Kent Com. 32, n. 1; 1 Bish. Crim. Law, secs. 746 and 749.

The judgment is affirmed, with costs.