GUETLING *v.* STATE OF INDIANA.

[No. 25,291. Filed November 16, 1927. Rehearing Denied January 28, 1928.]

1. CRIMINAL LAW.—*Sufficiency of indictment can only be questioned by motion to quash or motion in arrest.*—The sufficiency of an indictment or affidavit to state facts constituting a public offense can only be presented by a motion to quash or a motion in arrest of judgment. p. 632.

2. CRIMINAL LAW.—*That court's finding is "contrary to the evidence" not ground for a new trial.*—A specification in a motion for a new trial that the court's finding is "contrary to the evidence" presents no question, as it is not a statutory ground for a new trial. p. 632.

3. CRIMINAL LAW.—*Appellate tribunal will not consider improper causes for new trial.*—Improper grounds for a new trial which are assigned as causes for a new trial will not be considered on appeal. p. 632.

4. ASSAULT AND BATTERY.—*Evidence held sufficient to sustain conviction for assault and assault while carrying revolver without permit.*— Evidence *held* sufficient to sustain conviction for assault and for assault while carrying a revolver without a permit in violation of §2, Acts 1925 p. 495, §8013 Burns 1926. p. 632.

5. CRIMINAL LAW.—The word "crime" includes all grades of public offenses, misdemeanors as well as felonies. p. 633.

6. CRIMINAL LAW.—*Word "crime" in definition of attempt to commit crime armed with weapon without permit includes misdemeanors as well as felonies.*—The word "crime" in §8013 Burns 1926 defining the offense of committing or attempting to commit a crime while armed with a pistol or revolver, having no permit to carry the same, includes misdemeanors as well as felonies. p. 633.

7. CRIMINAL LAW.—*Assault while armed with revolver, by one having no permit to carry same, constitutes a felony.*—The commission of the crime of assault, while armed with a pistol or revolver, by a person having no permit to carry such weapon, constitutes a felony (8013 Burns 1926). p. 633.

From Vanderburgh Circuit Court; *Charles P. Bock*, Judge.

Joe Guetling was convicted of assault and assault while armed with a revolver, not having a permit to carry same, in violation of §8013 Burns 1926, and he appeals. *Affirmed.*

*A. E. Gore* and *William D. Hardy*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant was charged by affidavit with the offense of unlawfully and feloniously assaulting Cecelia Guetling with intent to murder, the said affidavit also charging that appellant had a revolver and did not then and there have a permit to carry same as required by law. The latter criminal offense is defined in §2, ch. 207, Acts 1925 p. 495, §8013 Burns 1926. The said Cecelia Guetling was the wife of appellant, and

the affidavit was sworn to by William Kasper, her father.

The defendant entered a plea of not guilty.  He was tried by the court without a jury.  The court found that he was guilty of an assault upon the person of Cecelia Guetling, and adjudged that for the offense of the assault by him committed, he be fined in the sum of fifty dollars, and, on account of being armed with a pistol or revolver at the time he so committed said crime when he did not then and there have a permit to carry said pistol or revolver as required by law, the court adjudged that he be imprisoned in the Indiana State Prison for not less than one year and not more than five years.

The only assignment of error is that the court erred in overruling appellant's motion for a new trial.  One of the causes assigned for a new trial is that the act 1-3. upon which the finding of the court is based is unconstitutional and void.  The question of whether an indictment or affidavit states facts constituting a public offense should be presented by a motion to quash or by a motion in arrest.  In this manner only can the rights of the state be properly protected.  *State* v. *Beach* (1897), 147 Ind. 74, 77, 43 N. E. 949.  An alleged ground for new trial in a criminal case that "the finding of the court is contrary to the evidence" presents no question, as it is not a statutory ground.  *State, ex rel.,* v. *Richeson* (1905), 36 Ind. App. 373, 75 N. E. 846.  Causes improperly assigned in a motion for a new trial cannot be regarded.  Elliott, Appellate Procedure §348 and cases cited.

Appellant questions the sufficiency of the evidence. From the evidence, it appears:  Appellant and his wife were at the home of his father-in-law, and some 4. of his wife's brothers were there, when a quarrel ensued.  Three witnesses testified that they saw the defendant draw a revolver on his wife.  He cursed her and threatened to kill her.  The mother of Mrs.

Guetling testified that, after appellant drew the revolver, one of her sons rushed between appellant and his wife; and she further said, "if he wouldn't have run in between that gun she'd got the bullet." There was no evidence that he shot the revolver; but there was evidence that the room was full of powder smoke. The clerk of the circuit court of Vanderburgh county testified that appellant did not have a permit to carry a revolver on March 2, 1926. The evidence was sufficient to sustain the finding of the court.

Another cause in the motion for a new trial is that the finding of the court is contrary to law. The section of the statute, under which appellant was convicted of a felony reads as follows:

5-7.

"If any person shall, within the State of Indiana, commit or attempt to commit a crime, when armed with a pistol or revolver, and having no permit to carry the same, he shall, in addition to the punishment provided for the crime, be guilty of a felony, and shall be punished by imprisonment for not less than one year and not more than five years."

Crime includes all grades of public offenses, which at the common law are often classified as treason, felony, and misdemeanor. Webster's New International dictionary (1927). A crime is an act or omission forbidden by law, for which a penalty is prescribed to be pursued by the state upon the presentation to the proper court of an indictment by the grand jury or an affidavit of a competent person. Ewbank, Indiana Criminal Law §1. Both felonies and misdemeanors are crimes within the constitutional and statutory provisions on the subject of extradition between the states of persons guilty of public offenses. *Morton* v. *Skinner* (1874), 48 Ind. 123. In 16 C. J. 51, it is said: "Although the word crime has sometimes been used to designate a gross violation of law as distinguished from a mere misdemeanor, in its broadest

sense it applies to any violation of law which is punished by the state in a criminal prosecution, and therefore, it has been repeatedly held, includes misdemeanors." "Apart from treason, all crimes known to the law are comprehended in the two classes of felonies and misdemeanors." 8 R. C. L. 55, §6.   The crime of assault of which appellant was convicted, committed by him when armed with a pistol or revolver, and having no permit to carry the same, made him guilty of a felony, as provided in the section of the statute herein quoted.   The appellant has not shown that the finding of the court was contrary to law.   It was not error to overrule the motion for a new trial.

Judgment affirmed.