# ALDERSON *v.* STATE OF INDIANA.

[No. 25,410.   Filed October 30, 1929.]

A. E. Gore, for appellant.

Arthur L. Gilliom, Attorney-General, and Harry L. Gause, Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was tried by the court upon an affidavit which charged that he

> "did . . . unlawfully and wilfully draw, and threaten to use while drawn, a certain dangerous and deadly weapon, to wit: a revolver, upon the person of one Jesse D. Landers . . . the said Joe Alderson not then and there drawing said weapon in defense to his person and property, and not in defense of those by law entitled to his protection, and the said Joe Alderson did then and there commit said aforesaid act while armed with a revolver, without having a permit to carry said revolver as required by law," etc.

The court found him guilty as charged in the affidavit (the finding is lengthy and follows all the language of

the affidavit) and rendered a judgment reading as follows:

"It is therefore ordered and adjudged by the court that the defendant Joe Alderson is guilty as charged in the affidavit in this cause and that said defendant Joe Alderson, for the offense of drawing said pistol or revolver on the person of the said Jessie D. Landers by him so committed, be and he is hereby fined in the sum of One Hundred Dollars ($100.00) and that said defendant be, and he is hereby, committed to the Indiana State Farm for a period, of six (6) months; *it is further ordered and adjudged by the Court that, at the time of the commission of said crime by the defendant Joe Alderson, he was armed with a pistol or revolver and did not then and there have a permit to carry said revolver as required by law and it is therefore ordered and adjudged by the Court that said defendant Joe Alderson, in addition to the penalty heretofore assessed against him for the offense of drawing a deadly weapon upon the person of Jesse D. Landers by him so committed and because said defendant was armed with a pistol or revolver at the time of the commission of said offense and did not then and there have a permit to carry said revolver as required by law, be and he is hereby committed to be imprisoned at the Indiana State Prison for a period of not less than one (1) year and not more than five (5) years,"* etc.

The alleged errors relied upon for reversal are: (1) "The court erred in overruling appellant's motion for a new trial," wherein it is alleged that the evidence is insufficient to sustain the finding and that the finding is contrary to law; (2) "the court erred in overruling appellant's motion to modify the judgment"; and (3) "the statute upon which the prosecution is based is unconstitutional and void because of its indefiniteness."

The latter assignment of error is insufficient, since the constitutionality of a statute cannot be questioned on

appeal by an independent assignment of error. *Pittsburgh, etc., R. Co.* v. *Town of Wolcott* (1904), 162 Ind. 399, 69 N. E. 451. The question of whether an indictment or affidavit states facts constituting a public offense should be presented by a motion to quash or by a motion in arrest of judgment. In this manner only can the rights of the State be properly protected. *Guetling* v. *State* (1927), 199 Ind. 630, 158 N. E. 593.

Appellant's motion to modify the judgment sought to have the court strike therefrom all that portion of the judgment which appears in italics above, and sets forth his reasons as follows:

> "that said part of the judgment is wholly unauthorized and unconstitutional and the defendant was not on trial for any offense except the offense charged, which was that he was guilty of drawing a dangerous and deadly weapon, and for the further reason that said judgment deprives this defendant of his liberty without due process of law and without this defendant having been charged with any crime the punishment for which is imprisonment in the Indiana State Prison and without being advised of the nature and the cause of accusation against him."

The misdemeanor of drawing a deadly weapon is defined by Acts 1905, ch. 169, §448, §2539 Burns 1926, and the felony of committing or attempting to commit a crime when armed with a pistol or revolver is defined by Acts 1925, ch. 207, §2, §8013 Burns 1926. Appellant in his brief erroneously states that the affidavit was in two counts, one charging the misdemeanor and one charging the felony, and his contention in regard to his motion to modify the judgment is on the theory that the affidavit charged only the misdemeanor defined by §2539, *supra*. The affidavit, however, as quoted above, is in one count and charges the felony defined in §8013, *supra*. This statute defines a felony and fixes the punishment therefor, fully complying with the

requirement of §2400 Burns 1926. The word "crime" as used in §8013 includes misdemeanors as well as felonies, *Guetling* v. *State, supra,* and, following the decision and reasoning in that case (at p. 633), we hold that the commission of the crime of drawing a deadly weapon, while armed with such deadly weapon by a person having no permit to carry the same, constitutes the felony defined by §8013, *supra,* and that the same was sufficiently charged by the affidavit herein.

The court's finding that the defendant was "guilty as charged in the affidavit" is a sufficient finding of guilty, and the additional finding that the appellant was guilty of drawing a deadly weapon, while unnecessary, amounts only to a finding of a part of the facts essential to constitute the felony charged, but that portion of the judgment which assessed a fine of $100 and imposed imprisonment on the Indiana State Farm for a period of six months for the drawing of the deadly weapon is not a necessary or proper part of the judgment sentencing appellant for the felony to imprisonment in the Indiana State Prison. That portion of the judgment assessing the fine and the six months' imprisonment on the Indiana State Farm will, therefore, be considered as surplusage and as of no effect.

It appears from the evidence that the appellant lived at Henderson, Kentucky, and that he had been working as an employee of the sheriff of Henderson County, and of the federal prohibition agents in Kentucky, but was not a regular or authorized deputy officer, and that he did not have a permit to carry a pistol or revolver in Vanderburgh County, Indiana. At the time of his arrest he and his wife were visiting his mother-in-law at Evansville, Indiana. He had driven in an automobile to that city, which is but 18 miles, a half hour's drive, from his home. Appellant testified that he had been coming to Evansville about once a month for six or

seven months prior to his arrest, that he was not acquainted there generally, but that he had two sisters and brothers-in-law living there. From these facts appellant by his first assignment of error would have us hold that he was a "traveler" and within the exception made by Acts 1905, ch. 169, §449, §2540 Burns 1926, which prohibits the carrying of dangerous weapons.

The right to carry a revolver as a traveler would not give appellant the right to draw or threaten to use it except "in defense of his person or property or in defense of those entitled to his protection by law," as provided in §2539 Burns 1926. Without deciding the question (which is not presented or argued) of whether a right to carry a revolver as a traveler under §2540 Burns 1926 would constitute a "permit" under Acts 1925, ch. 207, §2, §8013 Burns 1926, or would bar a prosecution for a felony under that section, we hold that the appellant here is not shown to be a traveler within the meaning of our statute, as interpreted in *State* v. *Smith* (1901), 157 Ind. 241, 61 N. E. 566, 87 Am. St. 205, where it was held that such a traveler was "a person travelling at least such a distance as takes him among strangers, with whose habits, conduct, and character he is not acquainted, where unknown dangers may exist, from which there may be a necessity to protect himself by preparing for a defense against an attack."

The evidence concerning the crime is most conflicting. The appellant and four of his witnesses testified to facts consistent with his innocence, viz.: that when the officer who arrested him entered the house appellant took out his revolver and started to hand it to his wife, not pointing it at the officer. The officer, however, testified that "I stepped inside . . . he was sitting in the door (of the next room) . . . as he got up . . . he went in his hip pocket as he came through, I seen him, I was standing inside the door. As he come through I

grabbed the gun; he had the barrel pointed toward me. . . . Yes, Sir, he had it (the 45 cal. Smith and Wesson revolver) pointed right into the door, I jumped behind the door as he come through, I caught hold of him with my left hand."

This court cannot determine the credibility of witnesses or the weight of conflicting evidence. *Winters* v. *State* (1928), 200 Ind. 48, 160 N. E. 294. The lower court upon which such duty rested performed the same, and evidently it believed the State's witnesses and disbelieved appellant's witnesses. There being substantial evidence in the record which fairly establishes all the material facts necessary to constitute the crime, we must hold that is it sufficient to support the finding of guilty.

Judgment affirmed.

Willoughby, J., dissents for the reason that the motion to modify the judgment should have been sustained.