KNAPP *v.* STATE OF INDIANA.

[No. 26,154. Filed June 24, 1932.]

*J. M. Johns* and *J. R. Cauble,* for appellant.

*James M. Ogden,* Attorney-General, and *James T. Dowling,* Deputy Attorney-General, for the State.

ROLL, C. J.—Appellant was charged by affidavit in two counts filed in the Vermillion Circuit Court, charg-

ing first and second degree arson. §§2441, 2442 Burns Supp. 1929, Acts 1927 p. 122.

Appellant was arraigned on the first count of the affidavit which charged arson in the first degree on July 24, 1931, and entered a plea of not guilty. Subsequently, on October 14, 1931, the second count of the affidavit, which charged arson in the second degree, was filed. Appellant went to trial on October 14, 1931, without being arraigned or without a plea being entered as to the said second count of the affidavit.

There was a trial by the court without the intervention of a jury and a finding of guilty as charged in the second count of the affidavit. Judgment was entered on the finding, and appellant was sentenced to the Indiana reformatory for a period of from one to 10 years.

Appellant filed his motion for a new trial, which was overruled, and hence this appeal.

Appellant in his motion for a new trial assigns error: (1) The finding of the court is contrary to law; (2) the finding of the court is not sustained by sufficient evidence; (3) the finding of the court is not sustained by the evidence; (4) the affidavit on which defendant was tried is not sufficient to sustain the finding of the court.

The only error assigned here is the overruling of his motion for a new trial.

Appellant contends under his first reason for a new trial that, as he was found guilty on the second count of the affidavit, and that the record shows that he was not arraigned and entered no plea to the charge, therefore no issue was formed upon which a trial could be had, and for that reason this case should be reversed.

With this contention we cannot agree. The last clause of §9, ch. 132, Acts 1927 p. 417, §2232 Burns Supp. 1929 provides: "Any conviction shall not be invalidated by failure of the record to show an arraignment and plea or either of them, unless the

record shall show that the defendant before the trial objected to entering upon the trial for lack of such arraignment or plea."

The question thus presented by appellant was before this court in the case of *Tokacs* v. *State* (1930), 202 Ind. 259, 173 N. E. 453, and it was there said: "Prior to the time of taking effect of Acts 1927 p. 411, ch. 132, §9, amending Acts 1905 p. 584, §197, the failure of a defendant to enter a plea to an indictment or affidavit, or if he stand mute and no plea was entered for him by the court, was a sufficient showing requiring the court to grant a new trial; but the act of 1927 changed the law by providing that: 'Any conviction shall not be invalidated by failure of the record to show an arraignment and plea or either of them, unless the record shall show that the defendant before the trial objected to entering upon the trial for lack of such arraignment or plea.' There is no showing in the record at bar that the defendant objected to a trial without being arraigned or pleading to the indictment. Hence, appellant's contention based on want of a plea is not well taken."

The case of *Lee* v. *State* (1929), 90 Ind. App. 43, 167 N. E. 543, is also in harmony with the above holding.

Appellant cites several authorities in support of his contention, but on examination of them discloses that they were decided under the act of 1905, prior to its amendment in 1927.

Appellant urges that, if the above statute is applicable to the question as presented by the record in this case, then the act is unconstitutional and void.

The constitutionality of a statute must be raised either by a motion to quash or by a motion in arrest, and not by motion for a new trial. In the recent case of *Ellwanger* v. *State* (1932), *ante* 307, 180 N. E. 287, the court said: "This phrase, [meaning contrary to law] as used in the statute, we interpret as

meaning contrary to the principles of law as applied to the facts or issues which the jury were called upon to try. . . . At most, it cannot be extended to include matters not proper to be considered in support of the motion for a new trial, nor to embrace any of the other distinct and separate grounds of the motion which are specified in the act."

The method adopted by appellant to present his alleged constitutional question cannot be approved. There was no motion to quash nor motion in arrest of judgment, and therefore upon the record here submitted that question is not before us.

Appellant by his second reason for a new trial questions the sufficiency of the evidence to sustain the finding of the court. In his brief he does not point out any deficiency in the evidence to sustain any of the material facts necessary to the finding. This was a duty resting upon appellant to sustain such an alleged error. It is not incumbent upon the court to search the record to ascertain whether or not each material element of the crime has been supported by some competent evidence. *Young* v. *State* (1923), 192 Ind. 666, 138 N. E. 258; *Berry* v. *State* (1919), 188 Ind. 102, 108, 122 N. E. 324; *Baker* v. *State* (1918), 188 Ind. 263, 120 N. E. 593.

The conviction in this case was based solely on circumstantial evidence, some of which, it must be admitted, coincides with the hypothesis of guilt. This is in effect admitted by appellant in his brief in which he quotes from *Cavender* v. *State* (1890), 126 Ind. 47, 25 N. E. 875. This is sufficient to show that here is some evidence to support the finding.

The jurisdiction of this court on appeal is limited to errors of law only and it has no jurisdiction to pass upon errors of fact. The correction of an error of fact belongs to the trial court. This court cannot retry ques-

tions of fact. *Young* v. *State, supra; Deal* v. *State* (1895), 140 Ind. 354, 39 N. E. 930. We have read the evidence in this case carefully, and while the evidence is wholly circumstantial, and we think is of such a character that the trial court might have drawn therefrom an inference of guilt of the accused, the question then in respect thereto became one of fact for the determination of the trial court and is not open to review on appeal. *Young* v. *State, supra.*

The fourth specification in appellant's motion for a new trial questions the sufficiency of the affidavit to sustain the finding of the court. The record shows that the affidavit was not indorsed by the prosecuting attorney before filing, with the words "Approved by me," as provided by §2151 Burns 1926. Appellant did not raise this objection below by motion to quash. Such a defect would have been fatal on motion to quash. *Cole* v. *State* (1907), 169 Ind. 393, 82 N. E. 796. Such a defect like other defects in an affidavit can be waived by a defendant by not properly presenting them to the court below.

It was said in the case of *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697: "Appellant also makes the propositions and points that the amended affidavit was not indorsed 'approved by me' by the prosecuting attorney as required by law. This is the first time this question has been presented in this case by appellant. Because he did not present this question to the trial court, he waived this omission as required by the statute, and he therefore cannot be heard to complain upon appeal for the first time."

We find no error in the action of the trial court in overruling appellant's motion for a new trial.

Judgment affirmed.