POWELL *v*. STATE OF INDIANA.

[No. 30,626. Filed November 4, 1965.]

*C. Keith Pettigrew,* for appellant.

*John J. Dillon,* Attorney General, and *James Manahan,* Deputy Attorney General, for appellee.

### ON MOTION TO DISMISS

JACKSON, C. J.—This is an appeal by the appellant from a conviction in the Criminal Court of Marion County, Indiana, of Attempt to Commit Robbery While Armed.

The prosecution was instituted by the filing of the affidavit charging the appellant with the crime above stated, appellant entered a plea of not guilty and thereafter trial was had to the court without the intervention of a jury. Such trial resulted in the court finding appellant guilty and entering judgment sentencing him to the Indiana State Prison for not less than one (1) nor more than ten (10) years.

The errors assigned and relied upon by the appellant are as follows:

"1. That the Court erred in overruling the defendant's motion for a new trial in that, to-wit:

"A. The verdict is contrary to law.

"B. The verdict is not sustained by sufficient evidence.

"C. The defendant was prevented from having a fair trial."

The State of Indiana, appellee, by and through the office of the Attorney General has entered a special appearance herein and moved the court to dismiss the appeal or in the alternative

to affirm the judgment below. The motion so filed is in thirty-six (36) rhetorical paragraphs, of which we deem it necessary only to consider paragraph 28, which in substance alleges that no motion for new trial was filed within thirty (30) days of the finding of guilty nor was any belated motion filed therefor. Paragraph 29 alleged that the pleading entitled Motion for New Trial was filed more than thirty days after the finding of guilty herein with no verified allegations to justify its belated filing, and paragraph 30 "[t]hat this appeal is a nullity because the only assigned error is the overruling of the Motion for New Trial herein when the truth and in fact the record clearly shows that the said motion was not over-ruled." The record discloses that the motion is well taken.

We have held, in compliance with the statute, that the motion for new trial must be filed within thirty days of the date of the verdict or decision. Acts 1905, ch. 169, § 282, p. 584, § 9-1903, Burns' 1956 Replacement; Rule 1-14A; *State ex rel. Macon* v. *Orange Circuit Court* (1964), 245 Ind. 269, 195 N. E. 2d 352, Cert. den. U. S. Sup. Ct. April 26, 1965.

Without considering the merits, on motion of Attorney General and in compliance with our own rules we are required to grant the prayer of the motion filed by the State.

The appeal herein is now dismissed without costs.

Myers, Landis and Arterburn, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 211 N. E. 2d 177.