TURNER v. STATE OF INDIANA.

[No. 31,036. Filed February 6, 1968.]

534

*Robert G. Elrod*, of Indianapolis, for appellant.

*John J. Dillon*, Attorney General, and *Dennis J. Dewey*, Deputy Attorney General, for appellee.

HUNTER, J.—Appellant Thomas J. Turner brings this appeal from his conviction in the Criminal Court of Marion County, Division One, after jury trial, of the charge of Assault and Battery with Intent to Gratify Sexual Desires. Ind. Anno. Stat. § 10-403 (Supp. 1967). After the jury had reached its verdict of guilty, and following a pre-sentence investigation, judgment was entered on the verdict and appellant was sentenced to be imprisoned at the Indiana State Prison for not less than two (2) nor more than twenty-one (21) years.

A detailed recitation of the evidence against appellant will not be necessary for disposition of this case. Appellant's assignment of errors, omitting captions and signatures, reads as follows:

1. The court erred in overruling appellant's Motion for New Trial.
2. The court erred in trying appellant for actions not proscribed by statute.
3. The court erred in failing to advise appellant of his constitutional right of counsel and right to appeal.

Appellant's motion for new trial itself alleged that several errors were committed by the trial court. However, it appears

■ from the record that appellant's motion for new trial was not timely filed, and, therefore, does not raise any issue for decision by this Court.

Ind. Anno. Stat. § 9-1903 (Repl., 1956) provides in part:

"The motion for new trial and the causes therefor shall be in writing and *must be filed within thirty* (30) *days from the date of the verdict or finding;* and any such cause not disclosed in the record shall be sustained by affidavit." (our emphasis)

As appellant's brief indicates, the verdict of the jury was returned on October 18, 1965 and the trial court ordered pre-sentence investigation. Approximately sixty (60) days later, on December 17, 1965, appellant appeared in court *with his counsel,* at which time judgment and sentence were pronounced. Clearly, at this stage of the proceedings, appellant still had his trial counsel, yet no motion for new trial had been filed, although the thirty (30) day time limit had long since expired. Not until January 7, 1966, did appellant file his *pro se* motion for new trial, the overruling of which he seeks to make part of the basis of the present appeal.

Appellant contends that the statutory requirement for filing a motion for new trial within thirty (30) days of the verdict or finding has been "repealed" by rule 1-14A of the Rules of the Supreme Court of Indiana. That rule, in pertinent part, provides:

"Rule 1-14A. Motion for New trial—Filing with Judge or Clerk—Entry. It shall be deemed a sufficient filing of a motion for a new trial within thirty (30) days following the rendition of a *verdict or decision* in a cause, if said motion is filed with the judge having jurisdiction of the cause, who shall immediately make a docket entry showing the filing thereof, or if said judge is not available for the presentation and the entry of said motion, then said motion for a new trial shall be filed with the clerk of the court in which said cause is pending, in vacation or in term time, and the clerk shall immediately thereupon note the filing of said motion for a new trial on the court's docket in the cause, and the clerk shall thereafter call said filing of said

motion for a new trial to the attention of the judge in the case at the first opportunity. Adopted April 16, 1962. Effective September 1, 1962." (our emphasis)

On the basis that the use of the words "verdict or decision" rather than "verdict or finding" changes the requirement of Ind. Anno. Stat. § 9-1903, appellant contends that the filing of his motion for new trial within thirty (30) days of the date of judgment and sentence was sufficient.

It should first be noted that a reading of Rule 1-14A, *supra,* clearly indicates that the thrust of its language is not directed to the *time* of filing, but rather to the *method* of filing a motion for new trial.

In support of his contention that Supreme Court Rule 1-14A, *supra,* is in derogation of Ind. Anno. Stat. § 9-1903, *supra,* appellant cites the case of *Powell* v. *State* (1965), 247 Ind. 47, 211 N. E. 2d 177. That case does not support appellant's position, but rather, refutes it. Judge Jackson, speaking for the Court in that case, states:

"We have held, *in compliance with the statute,* that the motion for new trial must be filed within thirty days of the date of the verdict or decision. Acts 1905, ch. 169, § 282, p. 584, § 9-1903, Burns', 1956 Replacement; Rule 1-14A; *State ex rel. Macon* v. *Orange Circuit Court* (1964), 245 Ind. 269, 195 N. E. 2d 352, Cert. Den., April 26, 1965, 380 U. S. 981, 85 S. Ct. 1345, 14 L. Ed. 2d 274." 211 N. E. 2d at 178. (our emphasis)

From this it is clear that the word "finding" as used in Ind. Anno. Stat. § 9-1903, *supra,* and the word "decision" as used in Rule 1-14A, are not inconsistent, but, as between these two provisions, are essentially synonymous. Both words, in the context used, have reference to the conclusion reached by the trial judge when trial is to the court.

If appellant believes he has a meritorious excuse for his

failure to file a timely motion for new trial, his remedy is to file a Petition to file a Belated Motion for New Trial, as provided for in Rule 2-40.

With respect to the motion for new trial upon which appellant presently appeals, however, we are obligated to hold that such motion was not timely filed, is not properly before this Court, and therefore cannot be considered.

Appellant's second assignment of error is that the trial court erred in trying appellant for actions not proscribed by statute. Appellant bases this contention upon an alleged grammatical error in the wording of Ind. Anno. Stat. § 10-403 (Supp., 1967). The proper method for testing whether an affidavit or indictment states facts sufficient to constitute a public offense is by a motion to quash. See Ind. Anno. Stat. § 9-1129 (Repl., 1956). This Court has long held that the sufficiency of an indictment or affidavit cannot be challenged for the first time by an independent assignment of error. *Lindsay* v. *State* (1924), 195 Ind. 333, 145 N. E. 438; *Walski* v. *State* (1922), 193 Ind. 232, 139 N. E. 363. The record in this case reveals that no motion to quash the indictment was ever filed by appellant. As a result, appellant has waived his right to test the sufficiency of the indictment on appeal. *Bills* v. *State* (1918), 187 Ind. 721, 119 N. E. 465.

Appellant's final assignment of error in his Bill of Exceptions is to the effect that the trial court committed error in failing to advise appellant of his constitutional right to counsel and right to appeal.

Appellant's argument on this point seems to be in two parts: first, that a criminal defendant is entitled to be represented by counsel during the period in which he must file his motion for new trial, and second, that because the appellant was not advised of his right to appellate counsel, he was without court-appointed counsel between the date of sentencing on December 17, 1965 and the date his petition to have

counsel appointed was granted, June 7, 1966, and has therefore been denied his right to appeal.

Under both the Indiana Constitution and the Constitution of the United States, a criminal defendant has the absolute right to be represented by counsel at trial, Ind. Const. Art. I, § 13, *Knox County Council* v. *State ex. rel. McCormick* (1940), 217 Ind. 493, 29 N. E. 2d 405, 130 A.L.R. 1427; U.S. Const., Amend. 14 and Amend. 6; *Gideon* v. *Wainwright* (1963), 372 U.S. 335 and upon appeal. *State ex rel. Grecco* v. *Allen Circuit Court* (1958), 238 Ind. 571, 153 N. E. 2d 914; *Douglas* v. *California* (1963), 372 U.S. 353.

There is no doubt that it is the duty of counsel who assumes the responsibility of defending an accused criminal at trial to file a motion for new trial in the event of an adverse judgment. But this duty only attaches where such counsel believes that there are meritorious grounds for a new trial and an appeal. *Willoughby* v. *State* (1961), 242 Ind. 183, 167 N. E. 2d 881, rehearing den. 242 Ind. 185, 177 N. E. 2d 465, cert. den. 374 U.S. 832; *State ex rel. Macon* v. *Orange Circuit Court, Ratts, Judge* (1962), 243 Ind. 429, 185 N. E. 2d 619; *Bullard* v. *State* (1964), 245 Ind. 190, 195 N. E. 2d 856, rehearing denied 245 Ind. 194, 197 N. E. 2d 295. Failure of trial counsel to file a motion for new trial raises a presumption that no meritorious grounds existed for such a motion, absent a showing that trial counsel was incompetent. *Willoughby* v. *State, supra; Bullard* v. *State, supra.*

Upon the face of the record, as noted earlier, it appears that appellant *was* represented by counsel for the entire period during which appellant could have filed a timely motion for new trial. Although appellant's motion for new trial sets out the allegation that his trial counsel was incompetent, we are not free to consider that allegation since the motion for new trial is not properly before us. The only proper method by which the competency of appellant's

trial counsel can be placed before this Court at this late date is by the vehicle of a belated motion for new trial. Rule 2-40 and 2-40A, Rules of the Supreme Court of Indiana. Therefore, until the matter is properly before us, we are bound by the presumption that appellant had competent counsel during the period in which his motion for new trial could have been timely filed. *Willoughby* v. *State, supra; Bullard* v. *State, supra.*

Nor can we accept appellant's contention that a reversal is required because he was without counsel between December 17, 1965 and the granting of his petition to have appellate counsel appointed on June 7, 1966. Between those dates, no crucial date in the proceedings passed, no substantial action in the case was taken. Appellant's opportunity to file a timely motion for new trial had already expired when his trial counsel ceased to represent him, and no request for appointment of new counsel was made other than the one that was granted June 7, 1966. Appellant has failed, therefore, to show whereby he has been prejudiced. On the other hand, the record clearly shows that appellant has the same rights today with regard to an appeal as he had on December 17, 1965, at which date, he alleges, his trial counsel abandoned him.

> "Where it appears on appeal from a judgment of a criminal conviction that the defendant has been denied a right guaranteed by the Constitution, such a showing requires reversal, *unless the record clearly shows that the right was waived or that no injury could have resulted to the accused by reason of such denial." Batchelor* v. *State* (1920), 189 Ind. 69, 78, 125 N. E. 773, 776. (our emphasis). See also *Harris* v. *State* (1967), 249 Ind. 681, 231 N. E. 2d 800; *Chapman* v. *California* (1967), 386 U. S. 18.

If appellant's right to appeal has been jeopardized at all, it has only come about through the actions of his own trial attorney. And until appellant's new counsel makes a proper showing that such trial attorney acted incompetently, or until he rebuts the clear showing of the

record that appellant suffered no prejudice during the alleged period in which appellant was not represented by counsel, this Court is precluded from considering this matter any further or altering the verdict and judgment of the trial court.

For all of the foregoing reasons, none of appellant's allegations of error are meritorious at this time and the judgment below must be affirmed.

Judgment affirmed.

Lewis, C. J., Arterburn, Jackson, and Mote, JJ., concur.

NOTE.—Reported in 233 N. E. 2d 473.