BROWN *v.* STATE OF INDIANA.

[No. 268S41. Filed August 10, 1970. Rehearing denied October 8, 1970.]

*Frank E. Spencer, Robert Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Appellant was convicted of the offense of pandering. It was charged by indictment that the appellant:

". . . on or about the 16th day of October, A.D. 1966 . . . did then and there knowingly, unlawfully and feloniously without lawful consideration, take, accept and receive money from BARNETTA GADDIS, a female person, said money being then and there from the earnings of the said BARNETTA GADDIS' prostitution . . ."

It is first argued by the appellant that the evidence is insufficient to establish that he knowingly received money from the earnings of Barnetta Gaddis' prostitution. Appellant concedes that the evidence establishes that he received money knowing it was from the earnings of her prostitution. With this in mind we view the evidence most favorable to the appellee.

Barnetta Gaddis met the appellant in June of 1964. Several days later he moved into her apartment. Appellant lived with Miss Gaddis for the following 2½ years. During this period of time he never was employed. Miss Gaddis paid the rent and gave appellant money regularly. She testified that appellant demanded money from her to support his narcotics addiction and that the money she gave appellant was the earnings from her prostitution. That appellant knew Miss Gaddis was a prostitute is established by several facts. She testified that she started being a prostitute for the appellant in June of 1964, and that she often took "clients" to her apartment while appellant was present. Further, she stated that appellant would take her "around the strip" for the purpose of prostituting. On October 16, 1966, Miss Gaddis gave appellant $75 to $100, where upon appellant made a purchase of narcotics. She testified that she received nothing in exchange. However,

she did concede that she also started using drugs about one month after she met appellant and would occasionally use some of the drugs that appellant purchased with the money she gave him.

In view of the above summary of the evidence we find it sufficient, as a matter of law, to support the findings of the trial court. As we have often noted, we will not weigh the evidence nor pass upon the credibility of the witnesses. *Leaver* v. *State* (1968), 250 Ind. 523, 237 N. E. 2d 368. That appellant was unemployed, lived with Miss Gaddis for 2½ years, was present when she returned to the apartment with "clients" and escorted her "around the strip" so she could engage in prostitution, is sufficient to support a finding that he had actual knowledge of how she earned the money that he regularly received.

It is next argued that the indictment does not charge a public offense because the statute upon which it is based, that being Burns' Ind. Stat. Anno. § 10-4226 (1969 Cum. Supp.), is "too indefinite and uncertain to give notice of what constitutes the unlawful act which the State of Indiana has charged against the Defendant. . . ." The issue is not properly before us since no motion to quash the indictment was made. However, we find nothing in the statute attacked that would at this late date warrant our minute examination as to its constitutionality. Appellant argues, however, that Rule 1-14B has changed the procedural law and that the indictment may be attacked in the motion for a new trial by a specification in the memoranda after the trial is over. This is a misinterpretation of that rule. It is well settled in this State that an attack on the indictment must be made before trial. There is a logical, rational reason for this. If the indictment is defective there will be an opportunity to amend before trial, and expense and time-consuming efforts in a trial will thus not be lost. Another sound reason for such a rule is that a party should be required to promptly raise error in the trial court at the time it occurs rather than re-

main silent, hoping for an acquittal, and if that does not occur, then raise the question of error for the first time. These reasons have previously been enunciated by this Court and should not require further elucidation. *Alderson* v. *State* (1929), 201 Ind. 359, 168 N. E. 481; *Turner* v. *State* (1968), 249 Ind. 533, 233 N. E. 2d 473; *Knapp* v. *State* (1932), 203 Ind. 610, 181 N. E. 517. The question as to the sufficiency of the indictment is not before us on this appeal.

It is lastly argued that the trial court erred in the sentencing of the appellant. Appellant was sentenced to the Indiana State Prison for not less than one (1) nor more than ten (10) years and fined $500 and costs. Reference to Burns' Ind. Stat. Anno. (1969 Cum. Supp.), § 10-4226, indicates that the trial court did in fact err in imposing the above sentence. That statute reads in pertinent part as follows:

". . . and upon conviction for an offense under this act shall be punished by a fine of not less than one hundred dollars [$100] nor more than one thousand dollars [$1,000] *or* by imprisonment for a period of not less than one [1] year nor more than ten [10] years." (Emphasis Added)

Prior to the 1965 amendment the pertinent words of the statute read:

". . . 'five hundred dollars or by imprisonment for six months *or both* and upon conviction for any subsequent offense under this act shall be punished by imprisonment for a period of not less than one year nor more than five years." . . . (Emphasis Added) Burns' Ind. Stat. Anno. § 10-4226 (1969 Cum. Supp.)

Clearly, in view of the amendment, the court cannot inflict a punishment of "both" penalties on the appellant. The appellant cannot be fined *and* in addition imprisoned. The penalties are in the alternative.

This cause is therefore remanded to the trial court with instructions to vacate the prior judgment and enter a corrected judgment and sentencing in conformity with the statute.

Hunter, C.J., and Givan, J., concur; Jackson, J., concurs in result; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DEBRULER, J.—I dissent from the majority opinion's refusal to decide the question of whether the pandering statute, Acts 1961, ch. 53, § 1, being Burns Ind. Stat. Ann. § 10-4226, is impermissibly vague. The appellant's contention raises a federal due process question under the Fourteenth Amendment to the United States Constitution, *U. S.* v. *Harriss* (1954), 347 U. S. 612, 74 S. Ct. 808, 98 L. Ed. 989; *Bouie* v. *Columbia* (1964), 378 U. S. 347, 84 S. Ct. 1697, 12 L. Ed. 2d 894; and a State issue under *Stanley* v. *State* (1969), 252 Ind. 37, 245 N. E. 2d 149; *Guetling* v. *State* (1926), 198 Ind. 718, 153 N. E. 765; *Cook* v. *State* (1901), 26 Ind. App. 278, 59 N. E. 489.

I believe that even when the issue is raised for the first time on appeal, this Court can and should decide whether a statute is constitutional, as long as its validity does not depend upon factual circumstances requiring the presentation of evidence in the trial court. In *Hardin* v. *State* (1970), 254 Ind. 56, 257 N. E. 2d 671, this Court said:

> "Appellant's claim that the Uniform Narcotics Act is unconstitutional is based on factual allegations concerning the effects of the use of marijuana and alcohol on the human body, and since no evidence was presented in the trial court on this issue we cannot make a determination of it for the first time on appeal." 257 N. E. 2d at 674.

The basis for that decision was that this Court is not a suitable forum for the taking and weighing of evidence. However, determining whether a statute is impermissibly vague does not require the presentation of any evidence, it only requires that this Court determine whether the statute conveys to a person of ordinary intelligence an adequate description of the evil to be prohibited. *Stanley* v. *State, supra; Smith* v. *State*

(1917), 186 Ind. 252, 115 N. E. 943. This Court is an ideal forum for determining that issue and I believe we should do so in this case.

NOTE.—Reported in 260 N. E. 2d 876.