AYAD *v*. STATE OF INDIANA.

[No. 168S10.   Filed October 26, 1970.   Rehearing denied October 26, 1970.]

*John J. Davie,* of LaPorte, for appellant.

*Theodore L. Sendak,* Attorney General, *Lon D. Showley,* Deputy Attorney General, for appellee.

HUNTER, C.J.—This case was originally disposed of by the court with a written opinion on July 29, 1970. Appellant filed a petition for rehearing on August 18 which has this day been denied. In the interim, however, counsel for appellant has filed a petition denominated "Appellant's Petition to Transfer Jurisdiction of Cause to Trial Court." In this petition it is alleged that the cause should be remanded for two reasons: (1) neither this court nor the trial court has considered the question of trial counsel's incompetence, and (2) newly discovered evidence.

As to the first allegation, we indicated in the majority opinion that appellant's remedy lay with post conviction relief under the Post Conviction Remedy Rules.

The second allegation as to newly discovered evidence is supported by an affidavit of the state's sole eye-witness to the acts of sodomy in which he swears that his testimony at trial was wholly false and the result of the police's coercive questioning techniques. This indeed is a disturbing statement for

without this witness' testimony, there is not evidence upon which to base appellant's conviction.

We believe that the proper procedure for appellant to follow is to institute a proceeding under P. C. 1 (d) for post conviction relief. That rule reads as follows:

"(1) Any person who has been convicted of, or sentenced for, a crime by a court of this state and who claims:

. . .

(d) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

. . .

may institute *at any time* a proceeding under this rule to secure relief." (our emphasis)

The rule contemplates a hearing in the trial court, however, this court is in no position to take the type of action here requested solely on the basis of an affidavit filed.

Although we are not unsympathetic with the plight of appellant, we feel his remedy properly lies under the post conviction remedy rules. This situation here presented would appear to be a classic example of the type of case sought to be covered by those rules.

Appellant's petition to transfer jurisdiction is therefore denied.

Arterburn, DeBruler, Givan, and Jackson, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 68.