ORVAL D. HUNTER, ADMINISTRATOR AND HILDA HUNTER *v.*
IVA HUNTER, FRANKIE FERGUSON.

[No. 271S35. Filed February 17, 1971. Rehearing denied May 10, 1971.]

*Seal & Seal,* of Washington, *James B. Sparks,* of Bloomfield, for appellants.

*James H. Ferguson,* of Bloomington, for appellees.

DEBRULER, J.—This appeal was first made to the Indiana Appellate Court which rendered a *Per Curiam* opinion re-

ported as *Hunter* v. *Hunter* (1969), 247 N. E. 2d 236, sustaining there a motion of appellees to dismiss the appeal, thereby affirming the judgment of the trial court without a determination upon the merits. The appellants below have petitioned this Court for transfer, which petition is now granted and the opinion and order of the Appellate Court is now ordered vacated.

Appellees contended in their motion to dismiss the appeal that the assignment of error alleging the erroneous overruling of the motion for new trial presented no issue on appeal because the motion for new trial was not filed within the thirty days following the entry of the modified judgment. The motion for new trial was in fact filed six weeks before the entry of the modified judgment. The Appellate Court granted this motion to dismiss with two judges dissenting. After having examined the motion, briefs and statements of counsel related thereto, we adopt the reasoning of the dissenting opinion prepared by Judge White and concurred in by Judge Sullivan.

We first point out that the Indiana Rules of Procedure adopted by this Court effective January 1, 1970, govern the time for filing motions to correct errors. TR. 59(C) governs in civil cases and reads as follows:

> "(C)  *When motion to correct errors must be filed.* A motion to correct errors shall be filed not later than sixty (60) days after the entry of judgment."

Criminal Rule 16 provides:

> "In all criminal cases the defendant shall have sixty (60) days from the date of sentencing to file motion to correct errors."

This case, however, now before us, is governed by the former Rules of this Court and statutes regarding the time for filing of motions for new trial which are as follows:

> "The application for a new *trial* may be made at any time within thirty [30] days from the time when the *verdict* or

decision is rendered. . . ." (Emphasis added.) Acts 1881 (Spec. Sess.), ch. 38, § 422, as last amended by Acts 1919, ch. 14, § 1, being Burns § 2-2403.

This Court has adopted the following Rule 1-14A, which reads in part as follows:

> "It shall be deemed a sufficient filing of a motion for a new trial within thirty (30) days following the rendition of a verdict or decision in a cause, if said motion is filed with the judge having jurisdiction of the cause, who shall immediately make a docket entry showing the filing thereof, or if said judge is not available for the presentation and the entry of said motion, then said motion for a new trial shall be filed with the clerk of the court in which said cause is pending, in vacation or in term time, and the clerk shall immediately thereupon note the filing of said motion for a new trial on the court's docket in the cause, and the clerk shall thereafter call said filing of said motion for a new trial to the attention of the judge in the case at the first opportunity."

Under the law applicable to this case, the time for filing a motion for new trial ran from the date of the *decision* or *verdict,* and not from the *judgment. Turner* v. *State* (1968), 249 Ind. 533, 233 N. E. 2d 473; *H. C. Smith Coal Co.* v. *Finley* (1921), 190 Ind. 481, 131 N. E. 5; *The Evansville & R.R. Co.* v. *Maddux* (1893), 134 Ind. 571, 33 N. E. 345.

Appellees below do not allege that the motion for new trial was not filed within thirty days of the decision nor do they demonstrate in their motion that the issues raised in the motion for new trial were rendered moot by the subsequent modification.

We hold the appellee's below motion to dismiss was erroneously granted and this cause is now remanded to the Appellate Court for reinstatement of the appeal, completion of briefing and a decision and opinion on the merits of such claims as may properly be submitted therein by appellants.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 266 N. E. 2d 609.