NOTE.—Reported at 318 N.E.2d 590.

WILLIE E. WRIGHT *v.* STATE OF INDIANA.

[No. 2-773A158. Filed November 19, 1974.]

*Larry R. Champion,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

WHITE, J.—This is a belated direct appeal from a judgment sentencing defendant to ten years imprisonment after a trial without jury at which he was found guilty of armed robbery. Because the only allegation of error (i.e., inadequate representation by trial counsel) was never, in any manner, brought to the attention of the trial court, and consequently never

ruled on by the trial court, there is nothing before us in this attempted appeal. We, therefore, affirm.

Defendant was represented at the trial by privately employed counsel. The State's case consisted of the testimony of one witness, a liquor store clerk who identified defendant as one of two men who robbed him at gun point of all the paper money in the store's two cash registers.

Defendant testified in his own behalf, denying any participation in or knowledge of the robbery. He was not asked, and did not state, where he was at the time the clerk testified the robbery occurred. Some other witnesses were, however, asked questions concerning his whereabouts on the day of the robbery and objections were sustained on the ground that no notice of alibi had been filed. Defendant's counsel made no protest and made no attempt to show cause for his failure to file such notice.[1] And in his timely filed motion to correct errors he made no mention of the exclusion of such evidence. That motion was overruled and eventually, because of defendant's indigency, the trial court appointed counsel to file this belated appeal.

No contention is made in this belated appeal that the trial judge committed any error, either in overruling the motion to correct errors or in sustaining the state's objections to the "alibi" questions or in any other respect. On the contrary, appellant's brief cites *Lamar* v. *State* (1964), 245 Ind. 104, 195 N.E.2d 98, to support the concession that in the absence of a timely notice of alibi or a showing of good cause for not filing it, "it is proper for the court to exclude any evidence offered by the defendant to establish an alibi". What appellant does contend, in essence, is that trial counsel's failure to file

---

1. Ind. Ann. Stat. §§ 9-1631, 9-1632, and 9-1633, (Burns 1956 Repl.) prescribe the rules, which were in effect at time of trial, for rendering alibi evidence admissible. § 9-1633 provides, in part: "At the trial, if it appears that the defendant has failed to file and serve upon the prosecuting attorney the defendant's original notice of alibi as prescribed herein the court shall, in the absence of a showing of good cause for such failure by the defendant, exclude evidence offered by the defendant to establish an alibi."

a notice of alibi, or to show good cause for not filing it, proves that appellant was denied his constitutional right to adequate legal representation and that we should, therefore, order a new trial.

Although appellant's brief acknowledges "that the proper procedure for raising the issue of trial counsel's incompetence is by including it in a motion for new trial or a belated motion for new trial",[2] he attempts to justify by-passing the trial court and raising the issue originally in the appellate forum by quoting out of context a *dictum* found in *Hayden* v. *State* (1964), 245 Ind. 591, 599, 199 N.E.2d 102, 106, as follows:

> "Such errors may not ordinarily be presented for the first time in the assignment of errors on appeal to this court, although conceivably a possible exception to the rule might be made where the error appears as a matter of record and is of such a nature that this court can take judicial knowledge that such error being present, the appellant could not, under any circumstances, have had a fair trial."

But the *Hayden* opinion also makes it clear that the type of "error" appellant is here attempting to assert does not fit the "possible exception" it notes. The *Hayden* "error" was also incompetency of counsel alleged to be manifest (in that case) by failure to object to a confession. Such error was specifically held not to be within the exception enunciated. That opinion also said:

> "Under our procedure, it is the duty of trial counsel to file a motion for new trial, if, in his opinion, error was committed in the trial which may have been prejudicial to the cause of his client. However, it is obvious that trial counsel could not reasonably be expected to assert his own incompetency in a motion for new trial. Therefore, it is necessary that other procedure be made available by which this asserted error might be presented to the trial court

---

2. Since the "new" rules of procedure became effective January 1, 1970, what was formerly a motion for new trial is now a motion to correct errors. Appellant's use of the old term is probably due to the fact that his cited authority is a 1968 case: *Turner* v. *State*, 249 Ind. 533, 233 N.E.2d 473.

prior to appeal. At the time this appeal was filed (on February 7, 1963), the error could have been presented to the trial court by proceedings in error coram nobis, which would have been in the nature of a belated motion for new trial. Rule 2-40. An adverse ruling of the trial court could then have been reviewed on petition for writ of certiorari. Rule 2-40A. Presently the pertinent procedure is governed by Rule 2-40, as amended September 11, 1963, which authorizes the filing of a belated motion for new trial. The purpose of a belated motion for new trial under the rule is to afford the trial court an opportunity to rule on and correct any alleged errors occurring in the trial court, before an appeal is permitted to this court.

"This remedy is still available to appellant. Had appellant requested, this court would have entertained a petition for extention of time in which to perfect his appeal, in order that appellant might have presented the issue of incompetency of counsel to the trial court, and in event of an adverse decision consolidated both proceedings in a single appeal." (245 Ind. at 600.)

In *Turner* v. *State* (1968), 249 Ind. 533, 539, 233 N.E.2d 473, the court said:

"The only proper method by which the competency of appellant's trial counsel can be placed before this court at this late date is by the vehicle of a belated motion for new trial. Rule 2-40 and 2-40A, Rules of the Supreme Court of Indiana. Therefore, *until the matter is properly before us*, we are bound by the presumption that appellant had competent counsel. . . ." (Our emphasis.)

In *Ayad* v. *State* (1970), 254 Ind. 430, 433, 261 N.E.2d 68, 70 (reaffirmed under the same caption in 255 Ind. 156, 263 N.E.2d 150), the Supreme Court of Indiana said:

"Finally, appellant attempts to raise an issue relating the alleged incompetence of trial counsel. No mention is made in appellant's motion for new trial of such incompetence, however, nor did appellant attempt to bring the issue before this court under the remedies then afforded by our Supreme Court Rules 2-40 and 2-40A. See *Shack* v. *State* (1967), 249 Ind. 67, 231 N.E.2d 36. Appellant's only remedy at this time on the question of incompetence of trial counsel therefore would be under the post conviction remedy rules."

Under the post-conviction remedy rules the court appointed appellate counsel for the appellant-at-bar could have presented, and should have presented, and still can present to the trial court, the issue of trial counsel's competency by petitioning the trial court for permission to file a belated motion to correct errors.[3] The grounds for permission to file such a belated motion appear to obtain here. As found in Post-Conviction Remedy Rule 2, § 1, they are:

"(a) no timely *and adequate* motion to correct error was filed for defendant; [our emphasis.]

"(b) the failure to file a timely [and adequate] motion to correct error was not due to the fault of the defendant; and

"(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule."

We are not suggesting, however, that the transcript of the trial proceedings *standing alone* is sufficient proof of trial counsel's incompetency to require that relief be granted pursuant to such a belated motion. Whether there are facts *dehors* the record which would show that trial counsel was derelict in failing to file a timely notice of alibi and that such failure denied appellant a fair trial, or other facts indicating prejudicial incompetency or dereliction of duty, we are in no position to speculate. The possibility of their existence should, however, be investigated and, if found, brought before the trial court pursuant to TR. 59 (D).[4]

---

3. P.C. Rule 2, § 1, by clerical error, we assume, refers at one place to the belated motion as a "motion for new trial."

4. [TR. 59.] "(D) Motion to correct errors on affidavits—Opposing affidavits, cross-errors and other matters. When a motion to correct errors is based upon evidence outside the record, the cause must be sustained by affidavits showing the truth thereof served with the motion. The opposing party has fifteen [15] days after service of affidavits in which to serve opposing affidavits and fifteen [15] days after service of the motion in which to file cross-errors or in which to assert relevant matters relating to the kind of relief to be granted. The period for filing affidavits may be extended for an additional period not exceeding thirty [30] days for good cause shown or by written stipulation."

238

If an adequate belated motion is filed and denied by the trial court then, barring further procedural defects, the way would be paved to present the issue of trial counsel competency to this court on appeal. But, in the words of *Turner* v. *State, supra,* "until the matter is properly before us, we are bound by the presumption that appellant had competent counsel. . . ." (249 Ind. at 540.)

The judgment is therefore affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 319 N.E.2d 168.